The State of Ohio, Appellee, v. Brien, Appellant.

(No. 8160—Decided November 5, 1956.)

*Mr. C. Watson Hover,* prosecuting attorney, *Mr. Calvin W. Prem* and *Mr. William Carroll,* for appellee.

*Mr. Alfred B. Katz* and *Mr. Elmer M. Goldman,* for appellant.

Ross, P. J. This is an appeal on questions of law from a conviction, judgment and sentence in the Court of Common Pleas of Hamilton County. The defendant was charged with the violation of Section 4731.41, Revised Code.

In the indictment it is charged that the defendant "unlawfully did practice medicine, or some of its branches, without a certificate from the State Medical Board of the State of Ohio, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio."

A motion for a bill of particulars was filed and granted. The bill contains the following statements:

"The defendant, Philip Brien, did on or about the 28th day of December, 1954, in Hamilton County, Ohio, unlawfully practice medicine or some of its branches, without a certificate from the State Medical Board of the State of Ohio, in that he entered a drug store in said county and represented himself to be a 'doctor,' wrote a prescription for a drug not otherwise obtainable, and induced the druggist to fill the same; and that he used the words or letters, 'Dr.' and 'Doctor' in connection with his name, representing that he was engaged in the practice of medicine or some of its branches in this state."

At the conclusion of the evidence, a motion for a directed verdict was made and overruled. The verdict was as follows:

"We, the jury, in the issue joined, find the defendant Philip Brien guilty of unlawfully practicing medicine in violation of Section 4731.41, Revised Code of Ohio, as he stands charged in the indictment."

A motion in arrest of judgment and a motion for a new trial were filed by the defendant, each of which was overruled. It is claimed by defendant that, at the hearing of the motion for a new trial, a number of affidavits were presented to the court and filed, but these are not incorporated in the bill of exceptions.

The assignments of error include claims that the judgment is contrary to law, is against the weight of the evidence, and is not sustained by sufficient evidence, and that there was error in the charge to the jury, error in not directing a verdict for defendant, error in admission of evidence, irregularity in the pro-

ceedings, and error in the failure of the court to give charges requested by defendant.

From the bill of exceptions it appears that the defendant's wife was given a prescription for a drug by her attending physician, a duly accredited doctor of medicine, which drug, under the law, could only be furnished by a pharmacist upon the prescription of a duly recognized physician authorized by Ohio law to practice medicine.

The prescription was to be used by defendant's wife in case of excessive hemorrhages. Such emergency arose, and the attending physician was called and directed that the drug be used, the prescription could not then be found, although later it was found and is in evidence as an exhibit. The defendant, who is a chiropractor or a naturopathic surgeon practicing in Bellevue, Kentucky, went to a drug store, asked for the drug and was told by the druggist that a prescription was necessary. The defendant told the druggist that he was a physician in Utah and wrote out a prescription for the drug on a prescription blank bearing the printed words "Dr. Philip Brien, N. D. Licenciata No. 87, Tooele, Utah, RX." The prescription was signed "Philip Brien, N. D." The druggist took the prescription and delivered the drug to the defendant who administered it immediately to his wife with the result that the hemorrhage was stopped.

A warrant was issued for the defendant's arrest and served by a police officer who took the defendant into custody at his home in Deer Park, Ohio, a village situated in Hamilton County, Ohio, near the city of Cincinnati.

The defendant did not testify. His wife and the attending physician were witnesses in his behalf.

The trial court permitted the introduction of evidence, over the objection of the defendant, to the effect that prior to the arrest involved in the instant proceedings the defendant had been arrested in a downtown office building in the city of Cincinnati, and that he was carrying a physician's professional bag or grip in which was found an empty bottle used to contain the drug herein involved.

In the closing statement to the jury the prosecuting attorney was permitted to state:

"While I am at that date, let me call your attention to the testimony of the police department, which Mr. Katz says that the state of Ohio has caused to come in here and the detective who was involved in the investigation on this case said that he made the arrest in the Transportation Building here in Cincinnati, Ohio, and that he arrested this man who was carrying a black bag, in which, among the other contents, was this bottle."

That arrest was not the arrest which was involved in the instant proceeding. It was obviously a different arrest and, from the facts stated, must have been for another offense, if any. It was also a mere arrest, not a conviction. Parenthetically, although not in the record, it is admitted that this prior arrest resulted in a prosecution in the Municipal Court of Cincinnati, in which the defendant was discharged. In any event, the admission of such evidence over the objection of the defendant constituted error prejudicial to the defendant.

The defendant asserts that he did not violate the provisions of Section 4731.41, Revised Code. He bases this contention upon the claim that he did not hold himself out as a doctor for a fee, as required by statute. Section 4731.41 provides:

"No person shall practice medicine or surgery, or any of its branches without a certificate from the state medical board; no person shall advertise or announce himself as a practitioner of medicine or surgery, or any of its branches, without a certificate from the board; no person not being a licensee shall open or conduct an office or other place for such practice without a certificate from the board; no person shall conduct an office in the name of some person who has a certificate to practice medicine or surgery, or any of its branches; and no person shall practice medicine or surgery, or any of its branches, after a certificate has been revoked, or, if suspended, during the time of such suspension.

"A certificate signed by the secretary to which is affixed the official seal of the board to the effect that it appears from the records of the board that no such certificate to practice

208

medicine or surgery, or any of its branches, in the state has been issued to any such person specified therein, or that a certificate, if issued, has been revoked or suspended, shall be received as prima-facie evidence of the record of such board in any court or before any officer of this state.''

Section 4731.34, Revised Code, provides:

''A person shall be regarded as practicing medicine, surgery, or midwifery, within the meaning of Sections 4731.01 to 4731.47, inclusive, of the Revised Code, who uses the words or letters, 'Dr.,' 'Doctor,' 'Professor,' 'M.D.,' or 'M.B.,' or any other title in connection with his name which in any way represents him as engaged in the practice of medicine, surgery, or midwifery, in any of its branches, or who examines or diagnoses for compensation of any kind, or prescribes, advises, recommends, administers, or dispenses for compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation, or treatment, of whatever nature, for the cure or relief of a wound, fracture or bodily injury, infirmity, or disease, provided that the treatment of human ills through prayer alone by a practitioner of the Christian Science church, in accordance with the tenets and creed of such church, shall not be regarded as the practice of medicine; and provided further that sanitary and public health laws shall be complied with, and that no practices shall be used which may be dangerous or detrimental to life or health and that no person shall be denied the benefits of accepted medical and surgical practices.

''The use of any such words, letters, or titles in such connection or under such circumstances as to induce the belief that the person who uses them is engaged in the practice of medicine, surgery, or midwifery, is prima-facie evidence of the intent of such person to represent himself as engaged in the practice of medicine, surgery, or midwifery.''

In passing, an examination of the prescription blank signed by defendant discloses that it bears, after the line for signature, the printed letters, ''N.D.'' In ink, after the signature of the defendant, are letters which might be ''M.D.'' or ''N.D.'' However, the blank carries the printed name of the defendant, pre-

ceded by the letters "Dr." It must be considered, therefore, that the defendant did represent himself as a doctor, especially as the pharmacist, a witness for the prosecution, testified the defendant said he was a "doctor." There is, however, no evidence that the defendant at any time specifically stated he was a doctor of medicine.

It cannot be supposed that merely because one associates with his name the letters "Dr." the Legislature intended to enact that such person, *ipso facto,* was engaged in the practice of medicine. A supposition directly in opposition is shown by the concluding paragraph of Section 4731.34, Revised Code, in which the use of the letters in connection with circumstances to "induce the belief" that the user is engaged in the practice of medicine is made only prima facie evidence of such intent.

Although the word "or" is used in the statute, it must be presumed that the Legislature intended to prevent active incidents of the practice of medicine, by those not duly authorized by the state to engage in such practice, coupled with letters indicating their authority and the acceptance of compensation incident to such acts, or the existence of circumstances indicating that the use of the letters was employed with an intent to represent that the user was engaged in the practice of medicine. *Gildard & Krumwiede* v. *State,* 4 Ohio Law Abs., 349, is in point.

Section 4731.36, Revised Code, provides in part:

"Sections 4731.01 to 4731.47, inclusive, of the Revised Code shall not prohibit service in case of emergency, or domestic administration of family remedies."

The record in the instant case is persuasive that an urgent emergency existed, which required immediate action by the defendant to relieve the hemorrhage suffered by his wife. From a reading of the statutes herein noted, it must be evident that the Legislature had in contemplation as an exception to imposition of the penalties imposed by the statutes just such a situation as is found in this record. Only a hypertechnical construction adverse to the rights of the defendant and unwarranted by the strict construction applicable to the definition of

crimes could justify this conviction for violation of these sections of the Code.

The charge of the court is the subject of an assignment of error. The trial court in reading Section 4731.34, Revised Code, to the jury omitted that portion which deals with compensation paid to the accused, as well as the last paragraph of the section hereinbefore noted.

The court refused to charge on the provisions of Section 4731.36, Revised Code, although requested to do so by the defendant. In so refusing the court committed error, prejudicial to defendant.

The defendant also requested the court to charge that the *mere* use of the term "Dr." in connection with the name of defendant did not in and of itself constitute the crime charged. This request was refused, and such refusal constituted error prejudicial to defendant.

For errors prejudicial to the rights of the defendant, hereinbefore noted, the judgment and the sentence of the trial court are reversed, and the cause is remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

HILDEBRANT and MATTHEWS, JJ., concur.