CITY OF CINCINNATI, APPELLEE, *v.* VILARDO, APPELLANT.

(No. 9722—Decided December 6, 1965.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Joseph H. Johnson,* for appellee.
*Mr. Vernon R. Brose,* for appellant.

*Per Curiam.* Appellant appeals on questions of law his conviction in the Municipal Court of Cincinnati of the offense of practicing medicine without a license ''by giving to one Helen [*sic*] Mazzei a medicine for the purpose of procuring the miscarriage * * * .'' The affidavit alleges such act is contrary to Section 4731.41 of the Revised Code. The matter was considered on the transcript of the docket and journal entries from the court below, the transcript of the trial testimony and the briefs and arguments of counsel.

The above statute in its pertinent portion provides that ''no person shall practice medicine or surgery, or any of its branches without a certificate from the state medical board * * * .'' The practice of medicine, surgery or midwifery is defined in Section 4731.34 of the Revised Code. Insofar as it is pertinent to the within case, it is a person who '''prescribes, advises, recommends, administers, or dispenses for compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation, or treatment, of whatever nature, for the cure or relief of a wound, fracture or bodily injury, infirmity or disease * * *.''

The evidence shows clearly that the defendant gave certain pills, identified by trade name only, to a pregnant woman

and directed her to take them along with a hot bath and hot tea. The pills were not identified other than by appearance and name, and the record does not contain any explanation of what effect, if any, they would have upon a pregnant woman. The pills were given to one Katherine Mazzei rather than the Helen Mazzei mentioned in the affidavit; Helen Mazzei not being otherwise identified, referred to or mentioned in the trial. It is a reasonable and proper inference from the evidence, however, that both the defendant and Katherine Mazzei were of the opinion that the pills might have the effect of causing a miscarriage.

The question of whether that portion of Section 4731.34, Revised Code, above would include a pregnancy as a "wound, fracture or bodily injury, infirmity or disease" was not raised in the lower court, nor is it suggested here as a possible assignment of error.

Appellant does claim, however, that the state failed to prove as required by the statute in question, that the defendant received compensation for his act in giving the pills to the pregnant woman, together with instructions for taking them and along with some designated accompanying treatment. In this his position is sound. The record is devoid of any evidence of any compensation whatsoever running to the defendant, and on the state of this record it is sheer speculation to assume that the compensation received by the defendant might be the termination of a pregnancy caused by him. There is not one iota of evidence to indicate that the defendant was the father of the unborn child. As a matter of fact, when this question came up during the course of the trial, the state joined counsel for the defense to exclude any evidence of paternity.

Obviously, prescribing for compensation is an essential element of the offense. Proof of this element is wholly lacking and the conviction must thereupon be set aside and defendant ordered dismissed.

*Judgment reversed.*

HILDEBRANT, P. J., LONG and HOVER, JJ., concur.