Argued October 22, affirmed November 25, reconsideration denied
December 11, 1974, petition for review denied January 21, 1975

STATE OF OREGON, *Respondent, v.*
W. SAM WON (No. 85554), *Appellant.*

528 P2d 594

*Roger Tilbury,* Portland, argued the cause for appellant. With him on the briefs were George V. DesBrisay and Bruce Johnson, Portland.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY 'and FORT, Judges.

FORT, J.

Defendant, a licensed chiropractor and naturopath by and within the state of Oregon, was indicted, tried and convicted for practicing medicine without a license. ORS 677.080 (4). He appeals from the resulting judgment, assigning as sole error denial of his motion for judgment of acquittal.

The indictment charged:

"* * * * *

"The said defendant on or about the 7th day of December, 1973, in the County of Clackamas [,] State of Oregon, then and there being did then and there knowingly and unlawfully practice medicine by undertaking to treat Ronald E. McKenzie for pain by means of acupuncture without a license as required by Chapter 677 of the Oregon Revised Statutes * * *

"* * * * *."

Essentially, the issue presented is whether a person who is not a licensed physician in this state but is a licensed chiropractor or naturopath may engage in the practice of acupuncture, except when it "is performed under the supervision and control of a physician." ORS 677.259 (1).

In 1973, the Oregon legislature passed Oregon Laws 1973, ch 451, § 2, p 977, entitled "An Act Relating to the practice of acupuncture," now ORS 677.259,[1] which provides:

"(1) The performance of acupuncture for the purposes of demonstration, therapy, or the induction of analgesia by a person who is not a physician licensed under this chapter is not a violation of this chapter if the acupuncture is performed under the supervision and control of a physician licensed under ORS chapter 677.

"(2) The Board of Medical Examiners for the State of Oregon shall determine the qualifications of a person authorized to perform acupuncture under subsection (1) of this section.

"(3) Records of the diagnosis, treatment and patient response to acupuncture shall be maintained and submitted upon request to an appropriate committee of the Oregon Medical Association or to the University of Oregon Medical School for study.

"(4) As used in this section, 'acupuncture' means the selective stimulation of the body's neurological and defense mechanisms by the insertion of needles in an effort to correct neuromuscular and organic disorders or to induce analgesia."

■ The purpose of the 1973 Act, to regulate the practice of acupuncture, is, as its title states, clear. What we are here called upon to construe is the meaning and intent of the aforesaid 1973 Act, now ORS 677.259. It is for the legislature to decide what, if any, limitations in the use and practice of acupuncture are to be imposed in this state.

The trial court, in its written opinion, stated:

"* * * * *

---

[1] For a description of certain aspects of the legislative purpose, see 36 Op Att'y Gen 617 (Or 1973).

"* * * The evidence adduced at the trial conclusively indicates that the defendant, W. Sam Won, inserted acupuncture needles into the skin and flesh of Ronald E. McKenzie in an attempt to give Mr. McKenzie relief from pain he claimed to have in the region of his lower back. Twelve needles were used for this purpose. * * *

"* * * * * *"

Concerning the claims that the practice of acupuncture is authorized in the manner here performed as "minor surgery" or anesthesia under ORS 684.010 (4) by a chiropractor or by a naturopath under ORS 685.010 (3), the trial court found:

"* * * * *

"* * * Again it is noted that no minor surgery was involved in the treatment described in the evidence in this case. * * *

"* * * * * *"

■ Since the court, based on the evidence, concluded that the treatment here employed did not constitute minor surgery or local anesthetics as defined in ORS 684.010 (4) and ORS 685.010 (3), we do not reach that contention. There was evidence to support the court's findings of fact.

Based on its findings, the court, in its carefully reasoned opinion, concluded "that the use of said acupuncture needles by the defendant for the purpose of relieving pain did constitute the practice of medicine as contained within the provisions of ORS 677.-085."[2]

---

[2] ORS 677.085 (4):

"A person is practicing medicine if he does one or more of the following:

"* * * * *

■ Unless the practice or use of acupuncture by a chiropractor or naturopath is clearly authorized by statute, and we are directed to no such express provision, we think it was the clear intention of the legislature to regulate its use and practice by ORS 677.259. It is our duty in construing a statute "not to insert what has been omitted or to omit what has been inserted." ORS 174.010. We note there is no claim here that Dr. Won was acting under the "supervision and control" of a licensed physician.

We find nothing in *Sutton v. Cook*, 254 Or 116, 458 P2d 402 (1969), relied upon by defendant, which is necessarily at variance with the views herein expressed. The statute does not forbid a chiropractor, naturopath, or anyone else from performing such work. It merely states that it must be done under the direction or supervision of a physician and authorizes the Board of Medical Examiners to establish qualifications for who, under such direction or supervision, may practice acupuncture.

There was ample evidence introduced to support the court's finding of facts. The motion for judgment of acquittal was correctly denied.

Affirmed.

---

"(4) Offer or undertake to diagnose, cure or treat in any manner, or by any means, methods, devices or instrumentalities, any disease, illness, pain, wound, fracture, infirmity, deformity, defect or abnormal physical or mental condition of any person."