Mirsa, Inc., Appellant, *v.* State Medical Board et al., Appellees.

[Cite as Mirsa v. State Medical Board (1975), 42 Ohio St. 2d 399.]

(No. 74-709—Decided June 4, 1975.)

400

*Messrs. Dargusch & Day, Mr. Robert M. Draper* and *Mr. Langdon D. Bell,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles R. Jones,* for appellees.

*Per Curiam.* The sole issue in this appeal is whether the conduct of a blood donor center using the process of plasmapheresis is the practice of medicine as defined by R. C. 4731.34. That section, in pertinent part, provides:

"A person shall be regarded as practicing medicine * * * within the meaning of Sections 4731.01 to 4731.60, inclusive, of the Revised Code * * * who examines or diagnoses for compensation of any kind, or prescribes, advises, recommends, administers, or dispenses for compensation of any kind, direct or indirect, a drug or medicine, appliance, mold or cast, application, operation, or treatment, of whatever nature, for the cure or relief of a wound, fracture or bodily injury, infirmity, or disease * * *."

Appellant argues that the relevant provisions of R. C. 4731.34 make the receipt of a fee, or compensation, essential to a finding that one is practicing medicine within the terms of the statute. It asserts that not only is no compensation received from the donor, but, to the contrary, the blood center reimburses the donor for the plasma.

From a reading of the applicable provisions of R. C. 4731.34, we agree that the receipt of "compensation of any

kind" is a necessary element to a finding that one engages in the practice of medicine, and past cases have so indicated. See *State* v. *Marble* (1905), 72 Ohio St. 21, 73 N. E. 1063; *Cincinnati* v. *Vilardo* (1965), 5 Ohio App. 2d 169, 214 N. E. 2d 683. However, there is no requirement within R. C. 4731.34 that the compensation be of a monetary nature; indeed the statutory language "compensation of any kind" indicates compensation in forms other than money was perceived by the General Assembly in enacting the statute. In this case, appellant obtains blood plasma from donors, which it sells to pharmaceutical firms. Therefore, it receives "compensation" within the meaning of R. C. 4731.34.

Appellant's procedures include the initial in-depth medical history and a physical examination consisting of a series of tests outlined in the above statement of facts. From the medical history and results of these tests, appellant must evaluate whether the prospective donor is acceptable. This determination necessarily involves a diagnosis of the donor's current health on the basis of a medical examination. Medical decisions also arise in the return of the isolated blood cells, and in the injection of the tetanus toxoid.

From all of the above, we conclude that appellant engages in the practice of medicine within the scope of R. C. 4731.34. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.