THE STATE OF OHIO, APPELLANT, *v.* RICH, APPELLEE.

(No. 75-65—Decided December 24, 1975.)

196

*Mr. Michael F. Cush,* prosecutor, for appellant.
*Mr. Harry Schmuck,* for appellee.

HERBERT, J. Appellee was convicted of violating R. C. 4731.41.[1] Therefore, the threshold question in this appeal is whether the use of acupuncture in the treatment of a patient by a licensed chiropractor constitutes the practice of medicine within the meaning of R. C. 4731.34.

As applicable to the facts herein, R. C. 4731.34 provides, in part:

"A person shall be regarded as practicing medicine * * * within the meaning of Sections 4731.01 to 4731.60, inclusive, of the Revised Code, * * * who * * * administers * * * for compensation of any kind, direct or indirect, [an] * * * application, operation, or treatment, of whatever nature, for the cure or relief of a wound, fracture, or bodily injury, infirmity or disease * * *."

The above statutory language, except for minor

---

[1] R. C. 4731.41 states, in part:

"No person shall practice medicine or surgery, or any of its branches without a certificate from the State Medical Board * * *."

The provisions of R. C. 4731.41 also apply to one who has a certificate for the practice of a limited branch of medicine and who practices medicine beyond the scope permitted by such limited certificate. *State* v. *Winterich* (1952), 157 Ohio St. 414, 105 N. E. 2d 857.

changes, has long been part of the law of this state. See 94 Ohio Laws 200. When read in conjunction with R. C. 4731.-41 (*supra*, fn. 1), the statutes evidence the intent of the General Assembly to protect the public from the practice of medicine by unlicensed, and perhaps unqualified, practitioners. Thus, in *Mirsa* v. *State Medical Board* (1975), 42 Ohio St. 2d 399, 329 N. E. 2d 106, this court held that the practice of "plasmapheresis," by which a blood-donor center removes and specially processes blood plasma from a donor, constituted the practice of medicine within the meaning of R. C. 4731.34.

In the case at bar, appellee employed the technique of acupuncture to treat an alleged bursitis ailment. As commonly understood and as stated by appellee in his brief to this court, acupuncture consists of the insertion of needles to various nerves below the skin, thus stimulating reactions to alleviate pain and other conditions of ill health. According to appellee's testimony before the trial court, the needles are inserted approximately one-quarter inch to one inch beneath the skin, depending on the weight of the patient and the area of the body involved.

In view of the above, and our examination of the record, it is our conclusion that the insertion of needles beneath the skin to alleviate pain, infirmity, or disease, commonly known as acupuncture, constitutes the practice of medicine within the meaning of R. C. 4731.34.

Appellee contends, however, that his chiropractic license issued by the State Medical Board allows him to practice medicine in that limited field, and only prohibits his use of drugs or surgery in the treatment of patients[2]. Therefore, he asserts that the board did not proscribe the use of acupuncture and, consequently, that he did not practice medicine beyond the scope of his license.

For purposes of this appeal, we will assume that the use of acupuncture in treatment is not a form of drugs or

---

[2]Appellee's limited practitioner's certificate states, in part:

"This certificate does not permit the holder to treat infectious, contagious, or venereal diseases, nor to prescribe or administer drugs or perform major surgery."

major surgery. Nevertheless, the fact that it was not prohibited verbatim by his certificate does not allow appellee to employ techniques that go beyond those rules and regulations promulgated by the State Medical Board which govern the scope of chiropractic medicine.[3]

Pursuant to the authority granted by R. C. 4731.15, the board has defined chiropractic as "the detecting and adjusting by hand only of vertebral subluxations." Rule MB-1-05(A). This definition supports the jury's finding herein, under the charge of the trial court, that a limited certificate issued by the State Medical Board authorizing one to practice chiropractic medicine does not permit the use of acupuncture in the treatment of a patient. Furthermore, the unambiguous language on the face of appellee's certificate gave him due and ample notice that he was prohibited from engaging in the specific practices contained in the certificate, *and* from violating pertinent medical board regulations. Moreover, the first paragraph of the syllabus in *State* v. *Winterich* (1952), 157 Ohio St. 414, rejects the proposition that a conviction for violating R. C. 4731.41 would be constitutionally defective under the circumstances of this case. We are not persuaded, at this time, that the *Winterich* conclusion should be overruled.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.

[3]R. C. 4731.15 provides:

"The State Medical Board shall also examine and register persons desiring to practice any limited branch of medicine or surgery, and shall establish rules and regulations governing such limited practice. Such limited branches of medicine or surgery shall include chiropractic * * *."

Appellee's certificate explicitly informs the holder that he is subject to "* * * the rules and regulations established by the State Medical Board governing such practice."