Carleton E. McClure, D.C. President, Colorado State Board of Chiropractic Examiners Department of Regulatory Agencies 1525 Sherman Street Denver, Colorado 80203
Dear Dr. McClure:
I am in receipt of your letter of June 28, 1976 in which you indicated that the Colorado State Board of Chiropractic Examiners had withdrawn Rule 15 relative to acupuncture from its proposed rules until after the board members have had an opportunity to further review and study the practice of acupuncture. Accordingly, I have not commented on the legality or constitutionality of said rule in my rules' opinion transmitted to you this date. However, because of the evidence in the record of that rule-making proceeding indicating that many chiropractic doctors perform acupuncture and my legal conclusion that such practice constituted the practice of medicine, I felt it necessary to call this conclusion to your attention for appropriate action.
QUESTION PRESENTED AND CONCLUSION
Is the practice of acupuncture by chiropractic doctors lawful?
 My conclusion is "no." Any attempt to regulate acupuncture by the board, as contemplated in the withdrawn Rule 15, is likewise beyond its jurisdiction.
ANALYSIS
The insertion of acupuncture needles has been considered to be surgery because it is a piercing of the skin. State v.Wilson, 11 Wn. App. 916, 528 P.2d 279 (1974). Under Colorado law, chiropractors cannot practice surgery. C.R.S. 1973, 12-33-118. Thus, to the extent that acupuncture may be considered to be surgery, it is the practice of medicine under C.R.S. 1973, 12-36-106.
Section 12-33-118 also prohibits chiropractors from administering anesthetics. The term "anesthetic" is defined in Taber's Cyclopedic Medical Dictionary (1973) as "an agent that produces insensibility to pain or touch." Use of acupuncture to relieve pain or alleviate pain in connection with chiropractic adjustment appears to be prohibited by the statute as the administration of an anesthetic.
Even if acupuncture does not constitute surgery or the administration of an anesthetic, acupuncture does not come within the definition of "chiropractic" and "chiropractic adjustment" set forth in sections 12-33-102(1), (2). The chiropractic is a limited field within the healing arts and chiropractors may practice acupuncture only if that treatment is clearly within the statutory definition. Both the definitions of "chiropractic" and "chiropractic treatment" specify that the treatment is an adjustment or manipulation by hand. Acupuncture is not a hand manipulation of the patient's articulations and adjacent tissue. Nor can it be said that acupuncture is merely incidental to, or in facilitation of, treatment by hand manipulation.
Acupuncture itself is a form of medical treatment with a history of practice and theory which long predates and is wholly separate from the chiropractic. Thus, while acupuncture is within the healing arts, it cannot be said to be within the narrow field of the chiropractic which the legislature has defined. The practice of acupuncture constitutes the practice of medicine. SeeState v. Rich, 44 Oh.St.2d 195, 339 N.E.2d 630
(1975); State v. Won, 528 P.2d 594 (Ore.App. 1974); and People v. Amber, 349 N.Y.S.2d 604, 76 Misc.2d 267
(1973).
SUMMARY
Thus, the practice of acupuncture by chiropractic doctors is beyond the scope of chiropractic and unlawful. Any attempt to regulate acupuncture by the board, as contemplated in the withdrawn Rule 15, is likewise beyond its jurisdiction. Accordingly, the board should inform its licensees of the hazards of practicing acupuncture without a license to practice medicine.
Very truly yours,
 J.D. MacFARLANE Attorney General
MEDICAL PRACTITIONERS, LIMITED
C.R.S. 1973, 12-33-102
C.R.S. 1973, 12-33-118
C.R.S. 1973, 12-36-106
REGULATORY AGENCIES, DEPT. Chiropractic Bd. of Exam
Acupuncture is the practice of medicine, not within the scope of chiropractic, as it is both surgery and administration of an anesthetic.