THE STATE OF OHIO, APPELLEE, *v.*
BAYLOR, APPELLANT.

(No. C-800107—Decided February 25, 1981.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Timothy S. Hogan,* for appellee.

*Mr. Douglas S. Weigle,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

On February 1, 1980, a jury sitting in the Hamilton County Municipal Court returned a verdict finding the defendant-appellant, Robert H. Baylor, guilty as he stood charged upon the evidence presented at trial of practicing medicine without a license in violation of R.C. 4731.41. It is from the judgment entered upon the finding of guilt and the sentence imposed thereon that the instant appeal is taken[1]; the appellant has given us three assignments of error for review.

The issues raised in the three assignments of error before us are whether the evidence adduced at trial required that the cause be arrested from the jury's consideration by virtue of the appellant's Crim. R. 29(A) motion for acquittal and whether the judge presiding erroneously failed to instruct the jury on matters relating to the essential elements of the charged offense and to a statutory exception permitting medical practice in emergency situations.

The statute under which the appellant was tried and convicted sets forth the proscribed conduct in general terms as follows: "No person shall practice medicine or surgery, or any of its branches without a certificate from the state medical board * * *." (R.C. 4731.41.) Those acts which are specifically to be considered as the practice of medicine are defined separately in R.C. 4731.34. They include the use of any title in connection with a person's name which represents that person to be in the practice of medicine or the treatment or diagnosis of patients in return for any kind of compensation. R.C. 4731.34 further provides that a person's use of a title such as "Dr.," "M.D.," or "Doctor" "* * * under such circumstances as to induce the belief that the person who uses * * * [it] is engaged in the practice of medicine * * * is prima-facie evidence of the intent of such person to represent himself as engaged in the practice of medicine * * *."

---

[1] The appellant was ordered to serve a term of confinement of thirty days in the Cincinnati Correctional Institute and to pay a fine of $250 and costs. The thirty days of incarceration were thereafter suspended on the condition that the appellant perform forty hours of alternative community service.

The appellant argues in his first two assignments of error that the receipt of compensation is an essential element of the offense of practicing medicine without a license. He concludes, therefore, that his motion for acquittal should have been granted because there was no evidence at trial indicating that he ever received such compensation, and that, by electing to submit the cause to the jury, the judge presiding should have issued an instruction to the effect that a finding of compensation was necessary to support a guilty verdict.

After reviewing the testimony and the exhibits admitted in evidence, we are convinced that there was nothing of substance upon which to bottom a finding either that the appellant had actively engaged in the treatment or diagnosis of patients, or that he had ever received compensation for any alleged acts of medical practice. Although we concede that this aspect of the appellant's argument is valid, it is our view that the absence of such evidence is not fatal to his conviction. Under our reading of R.C. 4731.34, the appellant's behavior was properly found to be within a definition of unlawful practice of medicine contained therein on the strength of competent evidence demonstrating that he used the title "M.D." after his name in a manner that induced a belief that he was actually engaged in medical practice. In light of such evidence, the prosecution was not required to make a further showing that the appellant, in fact, treated patients or that he was given compensation for such treatment. The element of compensation becomes essential to a finding of guilt under R.C. 4731.34 only when the prosecution proceeds on the separate theory that the accused has been engaged in affirmative acts of treating patients.

Accordingly, we must reject the appellant's position that *Mirsa, Inc.*, v. *State Medical Board* (1975), 42 Ohio St. 2d 399 [71 O.O.2d 379], and *State* v. *Brien* (1956), 102 Ohio App. 204 [2 O.O.2d 187], mandate our disposition of the instant cause in his favor. The cited cases hold that compensation is an essential element of the offense only when the defendant is alleged to have committed acts in the nature of examination or diagnosis. They do not address, on the merits, the independent prong of R.C. 4731.34 dealing with those persons who attach designated titles connoting the practice of medicine to the display of their names.[2]

Having determined, then, that the element of compensation had no place in the litigation and disposition of the instant cause in the court below, we conclude that the appellant's first two assignments of error are without merit.

In his final assignment of error, the appellant contends that the judge presiding below improperly failed to instruct the jury during the course of his general charge that the statutory prohibition against the unlicensed practice of medicine did not apply to persons rendering emergency service by virtue of R.C. 4731.36. Absent any evidence at trial suggesting that the appellant had ever participated in emergency treatment, however, we hold that the judge had no obligation to instruct on the exception stated in R.C. 4731.36. The third assignment of error is also without merit.

We hereby affirm the judgment and sentence of the Hamilton County Municipal Court.

*Judgment affirmed.*

SHANNON, P. J., KEEFE and DOAN, JJ., concur.

---

[2] There is dicta in *Brien, supra,* at page 209, indicating that the court recognized that, by using the disjunctive word, "or," in R.C. 4731.34, the legislature created two independent theories under which a person could be prosecuted for the unlicensed practice of medicine.