

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 23, 1996

Bruce A. Levy, M.D., J.D.
Executive Director
Texas State Board
 of Acupuncture Examiners
1812 Centre Creek Drive, Suite 300
P.O. Box 149134
Austin, Texas 78714-9134

Opinion No. DM-415

Re: Whether the practice of acupuncture is within the scope of practice for a licensed Texas chiropractor and related questions   (RQ-853)

Dear Dr. Levy:

You inform us that certain health-care practitioners, who are licensed as chiropractors but not as acupuncturists,[1] have been advertising that they perform, and presumably do perform, acupuncture at their chiropractic clinics. You ask three questions in an attempt to determine whether this phenomenon indicates a violation of V.T.C.S. article 4495b, subchapter F, which governs the practice of acupuncture, or V.T.C.S. article 4512b, which governs the practice of chiropractic. Specifically, you seek our opinion regarding the following issues:

> 1. Whether the practice of acupuncture is within the scope of practice for a licensed Texas chiropractor?[2]
>
> 2. Whether licensure as an acupuncturist is required for a licensed Texas chiropractor to engage in the practice of acupuncture?
>
> 3. If the answer to the first question is yes and the answer to the second question is no, whether advertising the practice of acupuncture by a licensed chiropractor violates statutes prohibiting false or misleading advertising if the chiropractor fails to indicate in the advertisement that he or she is not licensed by the Texas State Board of Acupuncture Examiners?

We will begin by discussing the two statutes that are most relevant to your questions, V.T.C.S. article 4495b, subchapter F, and V.T.C.S. article 4512b.

The legislature enacted subchapter F of article 4495b to provide for the "establishment of statewide standards for the training, education, and discipline of"

---

[1]An acupuncturist is a practitioner of acupuncture. *See* V.T.C.S. art. 4495b, § 6.02(2).

[2]We assume, for purposes of our response to your first question, that the licensed chiropractor is not also licensed as an acupuncturist under subchapter F of the Medical Practice Act, V.T.C.S. article 4495b.

acupuncturists and for "an orderly system of regulating the practice of acupuncture." V.T.C.S. art. 4495b, § 6.01. *See generally* Attorney General Opinion DM-336 (1995) at 1-2 (summarizing V.T.C.S. art. 4495b, subch. F). Section 6.02(1) defines "acupuncture" as follows:

> (A) the insertion of an acupuncture needle and the application of moxibustion[3] to specific areas of the human body as a primary mode of therapy to treat and mitigate a human condition; and

> (B) the administration of thermal or electrical treatments or the recommendation of dietary guidelines, energy flow exercise, or dietary or herbal supplements in conjunction with the treatment described by Paragraph (A) of this subdivision.[4] [Footnotes added.]

No individual may practice acupuncture in this state unless he or she has obtained a license to practice acupuncture from the Board of Medical Examiners, upon the recommendation of the Board of Acupuncture Examiners.[5] V.T.C.S. art. 4495b, § 6.06; *see also id.* §§ 6.05(a)(6), 6.10. A "health care professional licensed under another subchapter" of the Medical Practice Act or another statute may practice acupuncture without obtaining a license from the Board of Medical Examiners, but only if the practice of acupuncture is "within the scope of" the health care professional's license. *Id.* § 6.03(a). Any individual who practices acupuncture without a license to practice

---

[3]"Moxibustion" is "[c]auterization by means of a cylinder or cone of cotton wool, called a moxa, placed on the skin and fired at the top." TABER'S CYCLOPEDIC MEDICAL DICTIONARY M-66 (Clayton L. Thomas, M.D., M.P.H., ed., 13th ed. 1977); *see also Andrews v. Ballard*, 498 F. Supp. 1038, 1043 n.14 (S.D. Tex. 1980). Moxibustion is "[u]sed to produce counterirritation." TABER'S CYCLOPEDIC MEDICAL DICTIONARY M-66.

[4]For purposes of this opinion, we will assume that the licensed chiropractors are practicing acupuncture as section 6.02(1) of the Medical Practice Act, V.T.C.S. article 4495b, defines the term "acupuncture." An advertisement you submitted with your request letter states that "[a]cupuncture is a principle, not a technique." Thus, the advertisement continues, a practitioner may use many different methods "to stimulate an [a]cupoint," not just the insertion of a needle. For example, the advertisement says, "[m]any practitioners use electronic stimulation, laser beam or pressure massage to treat an [a]cupoint." Elsewhere, the advertisement repeats that many practitioners "are employing electronic and laser stimulation to the [a]cupoint with equal effectiveness as the needle."

Additionally, the Texas Chiropractic Association cites, in its brief to this office, a study by the National Board of Chiropractic Examiners finding that 11.8% of chiropractors in the United States use "needling" acupuncture in their practice, while 65% of chiropractors practice acupuncture without needles. Similarly, the same board found in 1994 that 62.4% of Texas chiropractors were using some form of acupuncture, but only 15.8% were using needles in the practice of acupuncture. Provided that electronic and laser stimulations and other non-needle techniques are not administered "in conjunction with" the insertion of needles, *see* V.T.C.S. art. 4495b, § 6.02(1)(B), the definition of "acupuncture" in section 6.02(1), V.T.C.S. article 4495b does not appear to encompass them.

[5]We assume that the chiropractors about which you ark are not licensed acupuncturists.

acupuncture or a license encompassing the practice of acupuncture commits a class A misdemeanor. *Id.* § 6.12(b).

Section 1 of article 4512b, V.T.C.S., lists three acts constituting the practice of chiropractic. As amended by the Seventy-fourth Legislature, section 1 provides:

> (a) A person shall be regarded as practicing chiropractic within the meaning of this Act if the person:

>> (1) uses objective or subjective means to analyze, examine, or evaluate the biomechanical condition of the spine and musculoskeletal system of the human body;

>> (2) performs nonsurgical, nonincisive procedures, including but not limited to adjustment and manipulation, in order to improve the subluxation[6] complex or the biomechanics of the musculoskeletal system; or

>> (3) holds himself out to the public as a chiropractor of the human body or uses the term "chiropractor," "chiropractic," "doctor of chiropractic," "D.C.," or any derivative of those terms in connection with his name.[7]

Act of May 29, 1995, 74th Leg., R.S., ch. 965, § 13, 1995 Tex. Sess. Law Serv. 4789, 4802 (footnotes added). Prior to the effective date of the 1995 amendments, article 4512b did not limit the scope of chiropractic to only nonincisive, nonsurgical procedures.[8] *See id.*

Section 13a of V.T.C.S. article 4512b, which the Seventy-fourth Legislature also amended, *see id.* § 18, 1995 Tex. Sess. Law Serv. 4789, 4803, explicitly excludes from the practice of chiropractic, among other things, "incisive or surgical procedures." For purposes of article 4512b, the phrase

---

[6]"Subluxation" is "a partial dislocation, a sprain." XVII OXFORD ENGLISH DICTIONARY 42 (2d ed. 1989).

[7]The Seventy-fourth Legislature inserted the words "of the human body" between "as a chiropractor" and "or uses the term." *See* Act of May 29, 1995, 74th Leg., R.S., ch. 965, § 13, 1995 Tex. Sess. Law Serv. 4789, 4802 (amending V.T.C.S. art. 4512b, § 1(a)(3)).

[8]In particular, prior to amendment by the Seventy-fourth Legislature, V.T.C.S. article 4512b, section 1(a)(2) provided that an individual practices chiropractic if the individual "uses adjustment, manipulation, or other procedures in order to improve subluxation or the biomechanics of the musculoskeletal system." *See* Act of May 29, 1995, 74th Leg., R.S., ch. 965, § 13, 1995 Tex. Sess. Law Serv. 4789, 4802 (amending V.T.C.S. art. 4512b, § 1(a)(2)).

"incisive or surgical procedure" includes but is not limited to making an incision into any tissue, cavity, or organ by any person or implement. It does not include the use of a needle for the purpose of drawing blood for diagnostic testing.[9]

V.T.C.S. art. 4512b, § 13a(b) (footnote added).

A violation of article 4512b results in the revocation or suspension of a license, or the probation or reprimand of a licensee. V.T.C.S. art. 4512b, § 14(a); *see also id.* § 14a(1). The Texas Board of Chiropractic Examiners may assess an administrative penalty in an amount not to exceed $1,000 for each day the violation occurs or continues. *See id.* §§ 14(a), 19a(a). In addition, a person who violates article 4512b is liable to the state for a civil penalty of $1,000 for each day the violation occurs or continues. *Id.* § 19a(b).

For purposes of this opinion, we assume a chiropractor practices acupuncture to improve the subluxation complex or the biomechanics of the musculoskeletal system. *See id.* § 1(a)(2). Central to our determination of whether the practice of acupuncture is "within the scope of" a chiropractic license, *see* V.T.C.S. art. 4495b, § 6.03(a), is a consideration of whether acupuncture is an "incisive or surgical procedure" for purposes of section 13a(b) of article 4512b. If acupuncture is an incisive or surgical procedure, article 4512b, section 13a(a)(1) excludes it from the practice of chiropractic, and a person who is licensed only as a chiropractor may not perform it..

The word "incisive" means "cutting; having the power of cutting." TABER'S CYCLOPEDIC MEDICAL DICTIONARY I-12 (Clayton L. Thomas, M.D., M.P.H., ed., 13th ed. 1977). It also means "cutting with a sharp edge." VII THE OXFORD ENGLISH DICTIONARY 796 (2d ed. 1989).

The word "surgical" pertains to surgery, which is the "branch of medicine dealing with manual and operative procedures for correction of deformities and defects, repair of injuries, and diagnosis and cure of certain diseases." TABER'S CYCLOPEDIC MEDICAL DICTIONARY, *supra*, at S-130; *see also id.* at S-131 (defining "surgical"). For purposes of the Medical Practice Act, V.T.C.S. article 4495b, the legislature has defined the term "surgery" to include "surgical services, surgical procedures, surgical operations, and the procedures described in the surgery section of the Common Procedure Coding System as adopted by the Health Care Financing Administration of the United States Department of Health and Human Services."[10] V.T.C.S. art. 4495b, § 1.03(a)(15).

---

[9]Prior to amendment by the Seventy-fourth Legislature, V.T.C.S. article 4512b, section 13a provided only that "[a] chiropractor may not use in the chiropractor's practice surgery, drugs that require a prescription to be dispensed, x-ray therapy, or therapy that exposes the body to radioactive material."

[10]The Common Procedure Coding System does not list acupuncture as a surgical procedure. *See* American Medical Association, PHYSICIANS' CURRENT PROCEDURAL TERMINOLOGY '96 at 53-246 (1995).

When interpreting a statute, a court must diligently attempt to ascertain legislative intent. Gov't Code § 312.005. Although we question whether a court ordinarily would classify acupuncture as "incisive"[11] or "surgical,"[12] we believe the legislature intended that V.T.C.S. article 4512b, section 13a(b) be construed to classify acupuncture as an "incisive or surgical procedure"; we further believe a court would reach a conclusion consistent with the legislative intent. The legislature expressly excluded from the range of procedures that are incisive or surgical "the use of a needle for the purpose of drawing blood for diagnostic testing." We deduce that the legislature considered the use of a needle for the purpose of drawing blood to be an incisive or surgical procedure, and we find no distinction between the use of a needle in a diagnostic circumstance and the use of acupuncture needles.

Additionally, we note that, during the Seventy-fourth Legislature, a witness described acupuncture as "a mild form of surgery" to the Senate Committee on Health and Human Services. *See* Hearings on S.B. 718 Before the Senate Comm. on Health and Human Services, 74th Leg., R.S. (Apr. 12, 1995) (statement of Dee Ann Newbold, Texas Acupuncture Association) (tape available from Senate Staff Services). The legislature may well have believed, therefore, that acupuncture was among those "incisive" and "surgical" procedures article 4512b, sections 1(a)(2) and 13a(b) exclude from the practice of acupuncture.

---

[11]Courts have described acupuncture as a "piercing of the skin," *see Acupuncture Soc'y of Kan. v. Kansas State Bd. of Healing Arts*, 602 P.2d 1311, 1311 (Kan. 1979), or "a puncturing of bodily tissue," *see People v. Amber*, 349 N.Y.S.2d 604, 610 (N.Y. Sup. Ct. 1973), as well as an "insertion" and "manipulation" of wires or needles, *see Andrews v. Ballard*, 498 F. Supp. 1038, 1043 (S.D. Tex. 1980); *People v. Roos*, 514 N.E.2d 993, 993, 994 (Ill. 1987); *Acupuncture Soc'y of Kan.*, 602 P.2d at 1312; *State v. Rich*, 339 N.E.2d 630, 631 (Ohio 1975); *Amber*, 349 N.Y.S.2d at 611.

[12]We find no Texas court that has considered whether the practice of acupuncture constitutes surgery, but we note that courts around the country have split on the issue. For example, the Supreme Court of Kansas has determined that acupuncture is not surgery for purposes of the Kansas statutes because acupuncture is not "intended to separate or sever tissue for the purpose of penetration for treatment, replacement or removal of afflicted parts." *Acupuncture Soc'y of Kan. v. Kansas State Bd. of Healing Arts*, 602 P.2d 1311, 1315-16 (Kan. 1979); *accord People v. Roos*, 514 N.E.2d 993, 997 (Ill. 1987); *see also State v. Won*, 528 P.2d 594, 596 (Or. 1974) (summarizing, without reconsidering, lower court's finding that acupuncture did not constitute minor surgery).

On the other hand, the Washington Court of Appeals has determined that acupuncture constitutes surgery because it involves "the penetration of human tissue." *State v. Wilson*, 528 P.2d 279, 281 (Wash. Ct. App. 1974); *accord Kelley v. Raguckas*, 270 N.W.2d 665, 669 (Mich. Ct. App. 1978) (citing Note, *Regulating the Practice of Acupuncture: Recent Developments in California*, 7 U.C. DAVIS L. REV. 385, 391-92, 396 (1974)); *see also Cherry v. State Farm Mut. Auto. Ins. Co.*, 489 N.W.2d 788, 790 (Mich. Ct. App. 1992) (citing *Raguckas*, 270 N.W.2d 665); *Commonwealth v. Schatzberg*, 371 A.2d 544, 547 n.6 (Pa. Commw. Ct. 1977) (indicating that Attorney General of Pennsylvania concluded that acupuncture is surgery and forbidden to chiropractors).

Furthermore, article 4495b, subchapter F suggests that the legislature believes acupuncturists should be trained in accordance with statewide standards, *see* V.T.C.S. art. 4495b, § 6.01(1), and examined by a state board, *see id.* § 6.05(a). The legislature has established requirements for an applicant for a license to practice acupuncture: among other things, the applicant must have completed 1,800 hours of instruction in subjects including bacteriology, physiology, symptomatology, meridian and point locations, and hygiene, and must have treated patients (with supervision) for at least two terms. *See id.* § 6.07(c). We believe the legislature, in the interest of the public health, safety, and welfare, *see id.* § 6.01(2), intended to except from the training and examination requirements only health care professionals whose licenses clearly encompass the practice of acupuncture. *See id.* § 6.03(a). In our opinion, the practice of chiropractic, as delineated in V.T.C.S. article 4512b, section 1, does not clearly encompass the practice of acupuncture.

We accordingly conclude that V.T.C.S. article 4512b, section 1, which encompasses within the practice of chiropractic only nonsurgical, nonincisive procedures, does not authorize a chiropractor to practice acupuncture. In answer to your first question, therefore, the practice of acupuncture is not within the scope of practice for a licensed Texas chiropractor. Conversely, in answer to your second question, a licensed chiropractor must obtain a license to practice acupuncture if the chiropractor desires to practice acupuncture.

You premise your last question on an affirmative response to your first question and a negative response to your second question. We have reached the opposite conclusions. Consequently, we need not answer your last question.

## S U M M A R Y

Only a health care professional whose license clearly encompasses the practice of acupuncture is excepted from the training and examination requirements set forth for acupuncturists in V.T.C.S. article 4495b, subchapter F. The practice of chiropractic, as delineated in V.T.C.S. article 4512b, section 1, does not clearly encompass the practice of acupuncture. Accordingly, V.T.C.S. article 4512b, section 1, which authorizes a chiropractor to perform only nonsurgical, nonincisive procedures, does not authorize a chiropractor to practice acupuncture.

Thus, the practice of acupuncture is not within the scope of practice for a licensed Texas chiropractor. Conversely, a licensed chiropractor must obtain a license to practice acupuncture if the chiropractor desires to practice acupuncture.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General