CHERRY v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 135963. Submitted July 15, 1992, at Lansing. Decided
August 3, 1992, at 9:50 A.M.

Terry Cherry brought an action in the 55th District Court against
State Farm Mutual Automobile Insurance Company, her no-
fault insurer, seeking personal protection insurance benefits for
acupuncture treatments received from a licensed registered
nurse. The court, Pamela J. McCabe, J., granted summary
disposition for the defendant, and the Ingham Circuit Court,
Michael G. Harrison, J., affirmed on appeal. The plaintiff
appealed by leave granted.

The Court of Appeals *held:*

Pursuant to MCL 500.3107; MSA 24.13107 and MCL
500.3157; MSA 24.13157, personal protection insurance benefits
are payable for the reasonable cost of treatment of accidental
bodily injury where such treatment is lawfully rendered. Acu-
puncture is the practice of medicine or osteopathy and can be
performed lawfully only by a licensed physician, MCL
333.16294; MSA 14.15(16294), or a person under the supervision
of a licensed physician, MCL 333.16109(2); MSA 14.15(16109)(2).

In this case, the acupuncturist was not a licensed physician
and did not perform the acupuncture under the supervision of
a licensed physician. Therefore, the treatment received by the
plaintiff was not lawfully rendered and may not be paid as a
no-fault benefit.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE —
ACUPUNCTURE TREATMENTS.

Acupuncture treatments may be paid as personal protection
insurance benefits under a policy of no-fault automobile insur-
ance only where rendered by a licensed physician or a person
under the supervision of a licensed physician (MCL

REFERENCES

Am Jur 2d, Automobile Insurance §§ 359, 360.

Provision of accident or health insurance policy that insured shall
be under care of physician or surgeon. 84 ALR2d 375.

333.16109[2], 333.16294, 500.3107, 500.3157; MSA 14.15[16109]
[2], 14.15[16294], 24.13107, 24.13157).

*Timothy A. O'Rourke,* for the plaintiff.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Mark A. Bush*), for the defendant.

Before: SAWYER, P.J., and CONNOR and A. G. BEST, II,* JJ.

CONNOR, J. Plaintiff appeals by leave granted from a circuit court affirmance of a district court grant of summary disposition for defendant of plaintiff's complaint for first-party no-fault insurance benefits, MCR 2.116(C)(10). We affirm.

In granting leave, we ordered the parties to address the following issue:

Under § 3107 of the Insurance Code [MCL 500.3107; MSA 24.13107], is an insured's right to personal protection insurance benefits for otherwise reasonably necessary products, services, and accommodations for the injured person's care, recovery or rehabilitation, based on otherwise reasonable charges, contingent on those products, services or accommodations being furnished by licensed health care providers?

The facts in this case are generally not in controversy. Plaintiff suffered injuries in an automobile accident and was referred by her treating physicians to Deborah Lincoln, a licensed registered nurse who practices acupuncture. The acupuncture has been beneficial to plaintiff in the treatment of her injuries, but defendant refused to pay for the services rendered by Lincoln for the reason that Lincoln is not licensed to practice

___

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

acupuncture in Michigan. Defendant has otherwise paid for plaintiff's medical expenses and indicated that it would pay for acupuncture treatments as recommended by plaintiff's physicians, but that it would only pay for treatments from licensed acupuncturists, or a person acting under the supervision of a medical doctor, as defined by MCL 333.16109(2); MSA 14.15(16109)(2).

Lincoln practices on her own and is self-employed, but shares office space with two physicians, neither of whom are trained to perform acupuncture. One of the physicians referred plaintiff to Lincoln. Plaintiff's other physicians, who were involved in the referral, also are not trained in acupuncture.

Lincoln takes only patients who are referred by physicians and uses the doctors' diagnoses in determining how to treat patients. However, Lincoln independently decides where to place needles, how many treatments are required initially, and determines protocol. The referring physicians stay in contact with Lincoln by telephone or correspondence regarding the progress of treatment, but are not physically present during the procedures.

Defendant moved for summary disposition on the ground that it did not have to pay benefits for Lincoln's services because she was neither a physician nor rendered the services while acting under the supervision of a physician and therefore she was operating as an unlicensed medical care provider. The trial court agreed with defendant and granted summary disposition. The circuit court affirmed.

A no-fault insurer is liable only to pay no-fault medical benefits for medical treatment that meets the requirements of the no-fault act, MCL 500.3105; MSA 24.13105. A claimant who seeks to hold an insurer liable for no-fault medical benefits

under MCL 500.3107(a); MSA 24.13107(a) has the burden of proving that the expense was reasonably necessary, the charge was reasonable, and the expense was incurred. *Nasser v Auto Club Ins Ass'n,* 435 Mich 33, 49-50; 457 NW2d 637 (1990).

MCL 500.3107; MSA 24.13107 grants personal protection insurance benefits for medical expenses as follows:[1]

> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation. . . .

At issue is whether this section should be read to require that the medical expenses incurred be provided by a lawfully licensed practitioner, even if the service is provided at a treating physician's recommendation. Our decision depends upon the Legislature's intent. *Kirksey v Manitoba Public Ins Corp,* 191 Mich App 12, 16; 477 NW2d 442 (1991).

Defendant argues that § 3107(a) must be read in conjunction with MCL 500.3157; MSA 24.13157. We agree. In order to give effect to the entire enactment, under the rules of statutory construction, we must read § 3107(a) in conjunction with MCL 500.3157; MSA 24.13157. *Guitar v Bieniek,* 402 Mich 152, 158; 262 NW2d 9 (1978). That statute provides as follows:

> A physician, hospital, clinic or other person or institution *lawfully* rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance . . . may charge a reasonable amount for the products, services and accommodations rendered. The charge

---

[1] MCL 500.3107(a); MSA 24.13107(a) was amended and redesignated MCL 500.3107(1)(a); MSA 24.13107(1)(a), effective January 1, 1992.

shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance. [Emphasis added.]

Although it is not clear from a reading of § 3107(a) whether an insurer must pay for medical expenses incurred in treatment by an unlicensed provider, reading the no-fault act as a whole and MCL 500.3157; MSA 24.13157 specifically, we believe it is clear that the Legislature intended that only treatment lawfully rendered, including being in compliance with licensing requirements, is subject to payment as a no-fault benefit. In *Attorney General v Raguckas,* 84 Mich App 618, 626; 270 NW2d 665 (1978), the Court held that acupuncture is the practice of medicine or osteopathy. The practice of medicine or the administering of medical treatment can be lawfully performed only by licensed physicians. MCL 333.16294; MSA 14.15(16294). Consequently, unless acupuncture is administered by a licensed physician, it is not lawfully rendered. If the treatment was not lawfully rendered, it is not a no-fault benefit and payment for it is not reimburseable.[2] We note that other jurisdictions have reached similar results. See *Pavelic v Nationwide Ins,* 352 Pa Super 11, 13-14; 506 A2d 1310 (1986); *Leonard v Preferred Risk Mutual Ins Co,* 247 Ga 574, 576; 277 SE2d 675 (1981).

Plaintiff has also argued on appeal that, as a registered nurse, Lincoln could provide acupuncture consistent with her licensing as a registered nurse, which includes the treatment and care of patients, as provided in MCL 333.17201; MSA

---

[2] Making plaintiff and other insureds liable for the costs of medical care provided by unlicensed individuals may appear harsh. However, a remedy was suggested by the Supreme Court in *Nasser, supra,* p 55, n 10, wherein the Court held that a plaintiff should not have to pay for services rendered by an unlicensed practitioner.

14.15(17201). We disagree. Michigan has not yet recognized the independent licensing of acupuncturists. It has been held that only licensed physicians can perform acupuncture because it is a surgical procedure and the risks involved are too great to allow nonphysicians to engage in the practice. *Raguckas, supra,* p 626. Consequently, in the absence of specific legislation providing for the independent licensing of acupuncturists, we do not believe a registered nurse may independently practice acupuncture as part of the care or treatment rendered to patients.

The only possible exception provided by statute is when a licensed physician supervises another individual performing acupuncture. MCL 333.16109(2); MSA 14.15(16109)(2) defines what is required for such supervisory responsibilities:

> (2) "Supervision" means the overseeing of or participation in the work of another individual by a health professional licensed under this article in circumstances where at least all of the following conditions exist:
>
> (a) The continuous availability of direct communication in person or by radio, telephone, or telecommunication between the supervised individual and a licensed health professional.
>
> (b) The availability of a licensed health professional on a regularly scheduled basis to review the practice of the supervised individual, to provide consultation to the supervised individual, to review records, and to further educate the supervised individual in the performance of the individual's functions.
>
> (c) The provision by the licensed supervising health professional of predetermined procedures and drug protocol.

In this case, there was no supervision of Lincoln by someone who was licensed as a physician and also trained or knowledgeable about acupuncture

procedures.[3] Therefore, we believe the lower courts correctly granted summary disposition for the reason that there was no genuine issue of material fact that defendant did not have to pay for Lincoln's services.

Affirmed.

---

[3] But see MCL 333.16215(2); MSA 14.15(16215)(2), as amended by 1990 PA 279, effective March 28, 1991.