MILLER v ALLSTATE INSURANCE COMPANY

Docket No. 259992. Submitted July 12, 2006, at Detroit. Decided
September 19, 2006, at 9:05 a.m. In lieu of granting leave to
appeal, the judgment of the Court of Appeals is vacated and the
case is remanded to the Court of Appeals, 477 Mich ___.

William Miller brought an action in the Wayne Circuit Court seeking
benefits from Allstate Insurance Company for physical therapy
services he received from PT Works, Inc., after being injured in an
automobile accident. Allstate refused to pay PT Works for these
services, alleging that because PT Works was incorporated under the
Business Corporation Act, MCL 450.1101 *et seq.*, rather than the
Professional Service Corporation Act (PSCA), MCL 450.221 *et seq.*,
Miller's treatment was not lawfully rendered as required by the
no-fault act, MCL 500.3101 *et seq.* PT Works intervened and filed a
claim against both Miller and Allstate for payment of Miller's
physical therapy bills, and PT Works' claim against Miller was
dismissed after he assigned his rights to insurance benefits from
Allstate to PT Works. The trial court, David F. Breck, J., denied
Allstate's motion for summary disposition and granted summary
disposition to PT Works, reasoning that physical therapy practices
were not required to be incorporated under the PSCA. Allstate
appealed.

The Court of Appeals *held*:

Regardless of whether the trial court's conclusion that PT
Works was properly incorporated under the Business Corporation
Act was correct, the treatment PT Works rendered was lawful, and
therefore reimbursable under the no-fault act, because the treat-
ment was performed by licensed physical therapists. The language
of the no-fault act is clearly focused on the performance of services,
not on underlying corporate formation issues that are irrelevant to
the rendering of treatment.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — CORPORATE
FORMATION.

A corporate clinic or institution is lawfully rendering treatment for
purposes of the no-fault act when its licensed employees provide

services and treatment to patients despite the possible existence of corporate defects that are irrelevant to treatment (MCL 500.3157).

*Nemier, Tolari, Landry, Mazzeo & Johnson, P.C.* (by *David B. Landry*), for Allstate Insurance Company.

*Thav, Gross, Steinway & Bennett, P.C.* (by *Barry A. Steinway* and *Adam J. Gantz*), for PT Works, Inc.

Before: JANSEN, P.J., and MURPHY and FORT HOOD, JJ.

MURPHY, J. Defendant Allstate Insurance Company appeals as of right the trial court's order denying its motion for summary disposition and granting summary disposition in favor of cross-plaintiff PT Works, Inc. We affirm.

The sole issue on appeal is whether the trial court erred in finding that PT Works was entitled to receive insurance benefits from Allstate under the no-fault act, MCL 500.3101 *et seq.*, for physical therapy services provided by PT Works to plaintiff William Miller, who was insured by Allstate and injured in a motor vehicle accident.[1] This Court reviews de novo a trial court's decision on a motion for summary disposition. *Kreiner v Fischer*, 471 Mich 109, 129; 683 NW2d 611 (2004).

MCL 500.3157 provides:

A physician, hospital, clinic or other person or institution *lawfully rendering treatment* to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance. [Emphasis added.]

---

[1] Miller assigned his rights to any insurance benefits relative to physical therapy services from Allstate to PT Works.

Under the above provision, "only treatment lawfully rendered, including being in compliance with licensing requirements, is subject to payment as a no-fault benefit." *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 64; 535 NW2d 529 (1995); see also *Cherry v State Farm Mut Automobile Ins Co*, 195 Mich App 316, 320; 489 NW2d 788 (1992). "If the treatment was not lawfully rendered, it is not a no-fault benefit and payment for it is not reimbursable." *Cherry, supra* at 320.

Here, Allstate contends that PT Works did not lawfully render its physical therapy services because it was incorporated under the Business Corporation Act (BCA), MCL 450.1101 *et seq.*, instead of the Professional Service Corporation Act (PSCA), MCL 450.221 *et seq.* Allstate argues that PT Works was required to be formed under the PSCA because providing physical therapy services constituted engaging in a professional service. Moreover, according to Allstate, the PSCA mandates that the shareholders of PT Works be licensed as physical therapists, and they are not so licensed. We note, however, that there does not appear to be any dispute that the treatment received by Miller was directly performed by licensed physical therapists.

The trial court found that PT Works was properly incorporated under the BCA and that it was not required to be formed under the PSCA. We need not determine, however, whether it was necessary for PT Works to incorporate under the PSCA and whether the shareholders who formed PT Works complied with the PSCA. Assuming, without deciding, that PT Works was improperly incorporated and that its shareholders must be licensed physical therapists, the no-fault act, and particularly MCL 500.3157, does not bar recovery of benefits for services rendered where the treatment itself was lawfully rendered by licensed physical thera-

pists. MCL 500.3157, by its plain and unambiguous language,[2] requires that the *treatment* itself be lawfully rendered. Reference to the terms "rendering" and "treatment" clearly places the focus on the act of actually engaging in the performance of services, here conducting physical therapy sessions, rather than on some underlying corporate formation issues that have nothing to do with the rendering of treatment. A clinic or institution is lawfully rendering treatment when licensed employees are caring for, and providing services and treatment to, patients despite the possible existence of corporate defects irrelevant to treatment.

*Cherry* is easily distinguishable from the case at bar because, in that case, acupuncture services were directly provided to the injured party by a nurse who was not licensed to perform acupuncture. This Court found that only a licensed physician could administer acupuncture under the law. *Cherry, supra* at 320. There-

---

[2] Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. *People v Tombs*, 472 Mich 446, 451; 697 NW2d 494 (2005); *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). The words contained in a statute provide us with the most reliable evidence of the Legislature's intent. *Shinholster, supra* at 549. In ascertaining legislative intent, this Court gives effect to every word, phrase, and clause in the statute. *Id.* We must consider both the plain meaning of the critical words or phrases as well as their placement and purpose in the statutory scheme. *Id.* This Court must avoid a construction that would render any part of a statute surplusage or nugatory. *Bageris v Brandon Twp*, 264 Mich App 156, 162; 691 NW2d 459 (2004). "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Shinholster, supra* at 549 (citation omitted). If the wording or language of a statute is unambiguous, the Legislature is deemed to have intended the meaning clearly expressed, and we must enforce the statute as written. *Tombs, supra* at 451; *Shinholster, supra* at 549. "A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

fore, acupuncture treatment was not lawfully rendered because a licensed physician did not perform the services. The licensing of an individual, such as a doctor, dentist, chiropractor, or physical therapist, who personally provides services to a client or patient, has a direct correlation to the rendering of treatment. The connection between the rendering of treatment and the manner in which PT Works was incorporated and the nature of the incorporation is too attenuated to make the physical therapy provided to Miller an unlawfully rendered service. PT Works' shareholders did not render physical therapy services to Miller; therefore, their licensing status is not pertinent. As this Court has recognized, we may affirm a trial court's decision for different reasons than those cited by the lower court. *Gleason v Dep't of Transportation*, 256 Mich App 1, 3; 662 NW2d 822 (2003). We find no error in granting summary disposition in favor of PT Works.

Affirmed.