MILLER v ALLSTATE INSURANCE COMPANY (ON REMAND)

Docket No. 259992. Submitted April 24, 2007, at Lansing. Decided May
31, 2007, at 9:00 a.m. Leave to appeal sought.

William Miller brought an action in the Wayne Circuit Court seeking
benefits from Allstate Insurance Company for physical therapy
services he received from PT Works, Inc., after being injured in an
automobile accident. Allstate refused to pay PT Works for these
services, alleging that because PT Works was incorporated under
the Business Corporation Act (BCA), MCL 450.1101 *et seq.*, rather
than the Professional Service Corporation Act (PSCA), MCL
450.221 *et seq.*, Miller's treatment was not lawfully rendered as
required by the no-fault act, MCL 500.3101 *et seq.* PT Works
intervened and filed a claim against both Miller and Allstate for
payment of Miller's physical therapy bills, and PT Works' claim
against Miller was dismissed after he assigned his rights to
insurance benefits from Allstate to PT Works. The trial court,
David F. Breck, J., denied Allstate's motion for summary disposi-
tion and granted summary disposition to PT Works, reasoning
that physical therapy practices were not required to be incorpo-
rated under the PSCA. The Court of Appeals, JANSEN, P.J., and
MURPHY and FORT HOOD, JJ., affirmed, holding that, regardless of
whether the trial court's conclusion that PT Works was properly
incorporated under the BCA was correct, the treatment PT Works
rendered was lawful, and therefore reimbursable under the no-
fault act, because the treatment was performed by licensed physi-
cal therapists. The Court of Appeals further held that the language
of the no-fault act is clearly focused on the performance of services,
not on underlying corporate formation issues that are irrelevant to
rendering treatment. 272 Mich App 284 (2006). The Supreme
Court, in lieu of granting leave to appeal, vacated the judgment of
the Court of Appeals and remanded for a determination whether
PT Works may properly be incorporated solely under the BCA, and
not under the PSCA, and, once that determination is made, for
reconsideration of whether the physical therapy provided by PT
Works was lawfully rendered under MCL 500.3157 of the no-fault
act. 477 Mich 1062 (2007).

On remand, the Court of Appeals *held*:

1. PT Works was improperly incorporated under the BCA. MCL 450.1251(1) of the BCA provides that a corporation may be formed under the BCA for any lawful purpose, except to engage in a business for which a corporation may be formed under any other Michigan statute unless that statute permits formation under the BCA. MCL 450.224(1) of the PSCA provides that one or more licensed persons may organize under the PSCA to become a shareholder or shareholders of a professional corporation for pecuniary profit. MCL 450.222(b) of the PSCA defines "professional corporation" as a corporation that is organized under the PSCA for the sole and specific purpose of rendering one or more professional services. MCL 450.222(c) of the PSCA defines "professional service" as a type of personal service to the public that requires, as a condition precedent to the rendering of the service, a license or other legal authorization. A license is required for the practice of physical therapy, MCL 333.17820. Physical therapy constitutes a professional service for purposes of the PSCA and, thus, the business of providing physical therapy constitutes, under MCL 450.1251(1) of the BCA, a business for which a corporation may be formed under any other Michigan statute. However, the PSCA does not expressly permit corporate formation under the BCA, so PT Works is improperly incorporated.

2. Despite the improper incorporation of PT Works, its physical therapy services provided to Miller were lawfully rendered under MCL 500.3157 of the no-fault act. MCL 500.3157, by its plain and unambiguous language, requires that the treatment itself be lawfully rendered. Reference to the terms "rendering" and "treatment" clearly places the focus on the act of engaging in the performance of the service rather than on some underlying corporate formation issues that have nothing to do with the rendering of treatment. A clinic or institution is lawfully rendering treatment when licensed employees are caring for and providing services and treatment to patients despite the possible existence of corporate defects irrelevant to treatment.

Affirmed.

1. CORPORATIONS — PHYSICAL THERAPY PROVIDERS — PROFESSIONAL SERVICE CORPORATION ACT — BUSINESS CORPORATION ACT.

The proper corporate formation of a for-profit corporation created to provide physical therapy services to the public is under the Professional Service Corporation Act, not under the Business Corporation Act (MCL 333.17820, 450.222[b] and [c], 450.224[1], and 450.1251[6]).

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — CORPORATION FORMATION.

A corporate clinic or institution is lawfully rendering treatment for purposes of the no-fault act when its licensed employees provide services and treatment to patients despite the possible existence of corporate defects that are irrelevant to treatment (MCL 500.3157).

*Nemier, Tolari, Landry, Mazzeo & Johnson, P.C.* (by *David B. Landry*), for Allstate Insurance Company.

*Thav, Gross, Steinway & Bennett, P.C.* (by *Barry A. Steinway* and *Adam J. Gantz*), for PT Works, Inc.

ON REMAND

Before: JANSEN, P.J., and MURPHY and FORT HOOD, JJ.

MURPHY, J. This appeal is before us on remand from the Michigan Supreme Court. Defendant Allstate Insurance Company had appealed as of right the trial court's order denying its motion for summary disposition and granting summary disposition in favor of cross-plaintiff PT Works, Inc. As reflected in our prior opinion, "the sole issue on appeal is whether the trial court erred in finding that PT Works was entitled to receive insurance benefits from Allstate under the no-fault act, MCL 500.3101 *et seq.*, for physical therapy services provided by PT Works to plaintiff William Miller, who was insured by Allstate and injured in a motor vehicle accident." *Miller v Allstate Ins Co*, 272 Mich App 284; 726 NW2d 54 (2006), vacated 477 Mich 1062 (2007). We previously held that it was unnecessary for us to determine whether PT Works was properly incorporated under the Business Corporation Act (BCA), MCL 450.1101 *et seq. Miller, supra* at 286. Our rationale was that, even if PT Works was improperly incorporated, MCL 500.3157, which allows recovery of insurance benefits for lawfully rendered treatment, did

not bar recovery when the treatment itself was lawfully rendered by licensed personnel regardless of underlying corporate formation issues relative to the care-giving clinic or institution. *Id.* at 286-287. Our Supreme Court vacated our opinion and remanded for us "to determine whether PT Works may properly be incorporated solely under the [BCA] and not the Professional Service Corporation Act [(PSCA), MCL 450.221 *et seq.*,], and, once that determination is made, to reconsider (if necessary) whether physical therapy provided by PT Works was 'lawfully rendered' under MCL 500.3157." 477 Mich 1062. On remand, we hold that PT Works was improperly incorporated under the BCA and that, nevertheless, physical therapy treatment provided by PT Works was lawfully rendered for purposes of recovering motor vehicle insurance benefits under MCL 500.3157. Accordingly, we once again affirm the trial court's ruling.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Kreiner v Fischer*, 471 Mich 109, 129; 683 NW2d 611 (2004). Issues of statutory construction are likewise reviewed de novo on appeal. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). The words contained in a statute provide us with the most reliable evidence of the Legislature's intent. *Id.* at 549. In ascertaining legislative intent, this Court gives effect to every word, phrase, and clause in the statute. *Id.* We must consider both the plain meaning of the critical words or phrases and their placement and purpose in the statutory scheme. *Id.*

PT Works was incorporated under the BCA, and not under the PSCA. The incorporators and shareholders of

PT Works are three individuals who are not licensed physical therapists. There is no dispute, however, that the physical therapy treatment received by Miller through PT Works was performed by licensed physical therapists.

Section 251(1) of the BCA provides:

> A corporation may be formed under this act for any lawful purpose, except to engage in a business for which a corporation may be formed under any other statute of this state unless that statute permits formation under this act. [MCL 450.1251(1).]

In light of this language, our question is whether PT Works was formed to engage in a business for which a corporation may be formed under the PSCA, and, if so, whether the PSCA nonetheless permitted formation under the BCA. We conclude that PT Works was improperly incorporated under the BCA.

Pursuant to the PSCA, "[o]ne or more licensed persons may organize under this act to become a shareholder or shareholders of a professional corporation for pecuniary profit." MCL 450.224(1). The PSCA defines "professional corporation" as "a corporation that is organized under this act for the sole and specific purpose of rendering 1 or more professional services and has as its shareholders only licensed persons, the personal representatives or estates of individuals, or other persons as provided in section 10." MCL 450.222(b). MCL 450.222(c) provides:

> "Professional service" means a type of personal service to the public that requires as a condition precedent to the rendering of the service the obtaining of a license or other legal authorization. Professional service includes, but is not limited to, services rendered by certified or other public accountants, chiropractors, dentists, optometrists, veterinarians, osteopaths, physicians and surgeons, doctors of

medicine, doctors of dentistry, podiatrists, chiropodists, architects, professional engineers, land surveyors, and attorneys at law.

The plain language of the statute indicates that the list of professional services identified is not exclusive. And there can be no dispute that physical therapy services for injured or sick individuals is a type of personal service offered to the public. Moreover, engaging in the practice of physical therapy requires a license under Michigan law. MCL 333.17820. Accordingly, physical therapy constitutes a professional service for purposes of the PSCA, and thus the business of providing physical therapy services also constitutes "a business for which a corporation may be formed under any other statute of this state." MCL 450.1251(1). Additionally, the PSCA does not expressly permit formation under the BCA. MCL 450.1251(1).[1] Moreover, the BCA provides that professional service corporations formed under the PSCA "shall not be incorporated under this act." MCL 450.1123(1). Therefore, PT Works was improperly incorporated under the BCA. We also note that, given that PT Works' incorporators and shareholders are not licensed physical therapists, those particular individuals could not incorporate PT Works nor could they be shareholders under the PSCA. MCL 450.222(b); MCL 450.224(1) and (2).[2]

---

[1] We do note that the provisions contained in the BCA are generally applicable to a corporation organized under the PSCA "except to the extent that a provision of [the PSCA] is in conflict with the provisions of [the BCA]." MCL 450.233.

[2] It could be argued that, because the incorporators and shareholders of PT Works are not licensed physical therapists, PT Works could not be incorporated under the PSCA; therefore, § 251(1) of the BCA would permit PT Works to be incorporated under the BCA. Section 251(1), however, does not look to the background of the persons seeking to incorporate and whether they meet statutory criteria, but rather simply asks whether the corporation wishes to "engage in a business for which

Having determined that PT Works was improperly incorporated, we nonetheless hold that the physical therapy treatment provided to Miller by licensed physical therapists employed by PT Works was lawfully rendered for purposes of MCL 500.3157. MCL 500.3157 provides:

> A physician, hospital, clinic or other person or institution *lawfully rendering treatment* to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance. [Emphasis added.]

We adopt our prior analysis in this case, which we find to be sound on the basis of a clear, textual reading of MCL 500.3157. In *Miller, supra* at 286-288, we stated:

> Under [MCL 500.3157], "only treatment lawfully rendered, including being in compliance with licensing requirements, is subject to payment as a no-fault benefit." *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 64; 535 NW2d 529 (1995); see also *Cherry v State Farm Mut Automobile Ins Co*, 195 Mich App 316, 320; 489 NW2d 788 (1992). "If the treatment was not lawfully rendered, it is not a no-fault benefit and payment for it is not reimbursable." *Id.*

---

a corporation may be formed under [the PSCA]." Hence, the focus is on the nature of the business. A physical therapy business may be formed and incorporated under the PSCA, thereby eliminating the potential of incorporation under the BCA by virtue of MCL 450.1251(1), despite the possibility that the particular incorporators and shareholders might also not be able to proceed under the PSCA because they are unlicensed. Considering the status of the incorporators and shareholders in the case at bar and the nature of the business, PT Works could not be incorporated under the BCA, nor could it incorporate under the PSCA.

* * *

MCL 500.3157, by its plain and unambiguous language, requires that the *treatment* itself be lawfully rendered. Reference to the terms "rendering" and "treatment" clearly places the focus on the act of actually engaging in the performance of services, here conducting physical therapy sessions, rather than on some underlying corporate formation issues that have nothing to do with the rendering of treatment. A clinic or institution is lawfully rendering treatment when licensed employees are caring for and providing services and treatment to patients despite the possible existence of corporate defects irrelevant to treatment.

*Cherry* is easily distinguishable from the case at bar because, in that case, acupuncture services were directly provided to the injured party by a nurse who was not licensed to perform acupuncture. This Court found that only a licensed physician could administer acupuncture under the law. *Cherry, supra* at 320. Therefore, acupuncture treatment was not lawfully rendered, in that a licensed physician did not perform the services. The licensing of an individual, such as a doctor, dentist, chiropractor, or physical therapist, who personally provides services to a client or patient, has a direct correlation to the rendering of treatment. The connection between the rendering of treatment and the manner in which PT Works was incorporated and the nature of the incorporation is too attenuated to make the physical therapy provided to Miller an unlawfully rendered service. PT Works' shareholders did not render physical therapy services to Miller; therefore, their licensing status is not pertinent. As this Court has recognized, we may affirm a trial court's decision albeit for different reasons than those cited by the lower court. *Gleason v Dep't of Transportation*, 256 Mich App 1, 3; 662 NW2d 822 (2003). We find no error in granting summary disposition in favor of PT Works.

We additionally note that MCL 500.3157 does not contain language providing that hospitals, clinics, and other institutions "lawfully organized, established, or

incorporated" may recover for their services, yet All-state argues for just such an interpretation of the statutory language. "A necessary corollary of [the statutory construction principles cited above] is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002). This maxim would be violated by construing MCL 500.3157 in the manner argued by Allstate and in a manner contrary to our holding. While the language of MCL 500.3157 speaks of a clinic or institution lawfully rendering treatment, treatment is invariably and necessarily performed or rendered by employees and personnel; the *treatment itself* has nothing to do with corporate formation issues.[3] Moreover, the inclusion of "physician, hospital, clinic or other person or institution" in the statutory language is chiefly for purposes of identifying those entities and persons that "may charge a reasonable amount for the products, services and accommodations rendered." MCL 500.3157.[4] While Allstate argues that the Legislature included entities (hospitals, clinics, and institutions) in the statute because the entities need to be lawfully rendering treatment independent from any consideration of whether individual employees or agents who

---

[3] "Treatment" is defined as "the application of medicines, surgery, therapy, etc., in treating a disease or disorder." *Random House Webster's College Dictionary* (2001). Employees of PT Works were applying physical therapy in treating Miller, and they did so lawfully, given their status as licensed physical therapists. We recognize that hospitals, clinics, and institutions may need various state and federal licenses or permits to operate, but this becomes an issue for purposes of MCL 500.3157 only if a licensing failure relates to the actual treatment of a patient. Corporation defects do not relate to the treatment of patients.

[4] We note that Allstate did not contest the reasonableness and necessity of the treatment provided to Miller by PT Works.

actually treat patients are doing so, we read the inclusion of the entities in the statutory language as merely indicating that those entities can be paid by insurers for services provided at their institutions. Of course, each of these entities must be lawfully rendering treatment, but, again, the treatment is rendered through their personnel. Furthermore, the Legislature's focus on the lawfulness of rendering treatment as opposed to the lawfulness of an entity's corporate structure indicates the Legislature's desire not to burden individuals seeking medical treatment, ostensibly covered by insurance, from having to engage in an extensive and in-depth review and analysis regarding an entity's formation and related incorporation issues.[5] The goal of the no-fault act was to provide accident victims with adequate, assured, and prompt reparation for their losses. *Nelson v Transamerica Ins Services*, 441 Mich 508, 514; 495 NW2d 370 (1992). This goal would be defeated by interpreting MCL 500.3157 as advocated by Allstate.

Affirmed.

---

[5] The BCA and the PSCA contain numerous requirements regarding various matters such as incorporation, capital structure, corporate finances and powers, shareholders, directors and officers, annual reports, and amending articles of incorporation. See, e.g., MCL 450.1202 (required contents of articles of incorporation). *Any* statutory violation, such as a technical incorporation error, could support a conclusion that a corporate clinic or institution was unlawfully rendering treatment under the expansive and all-encompassing interpretation of MCL 500.3157 proposed by Allstate. This was clearly not the intent of the Legislature.