739 N.W.2d 675 (2007)
William MILLER, Plaintiff-Appellee
v.
ALLSTATE INSURANCE COMPANY, Defendant-Cross-Defendant-Appellant, and
PT Works, Inc., Cross-Plaintiff-Appellee.
Docket No. 259992.
Court of Appeals of Michigan.
Submitted April 24, 2007, at Lansing.
Decided May 31, 2007, at 9:00 a.m.
Released for Publication September 28, 2007.
*677 Nemier, Tolari, Landry, Mazzeo & Johnson, P.C. (by David B. Landry), Farmington Hills, for Allstate Insurance Company.
Thav, Gross, Steinway & Bennett, P.C. (by Barry A. Steinway and Adam J. Gantz), Bingham Farms, for PT Works, Inc.
Before: JANSEN, P.J., and MURPHY and FORT HOOD, JJ.
MURPHY, J.
This appeal is before us on remand from the Michigan Supreme Court. Defendant Allstate Insurance Company had appealed as of right the trial court's order denying its motion for summary disposition and granting summary disposition in favor of cross-plaintiff PT Works, Inc. As reflected in our prior opinion, "the sole issue on appeal is whether the trial court erred in finding that PT Works was entitled to receive insurance benefits from Allstate under the no-fault act, MCL 500.3101 et seq., for physical therapy services provided by PT Works to plaintiff William Miller, who was insured by Allstate and injured in a motor vehicle accident." Miller v. Allstate Ins. Co., 272 Mich.App. 284, 726 N.W.2d 54 (2006), vacated 477 Mich. 1062, 728 N.W.2d 458 (2007). We previously held that it was unnecessary for us to determine whether PT Works was properly incorporated under the Business Corporation Act (BCA), MCL 450.1101 et seq. Miller, supra at 286, 726 N.W.2d 54. Our rationale was that, even if PT Works was improperly incorporated, MCL 500.3157, which allows recovery of insurance benefits for lawfully rendered treatment, did not bar recovery when the treatment itself was lawfully rendered by licensed personnel regardless of underlying corporate formation issues relative to the care-giving clinic or institution. Id. at 286-287, 726 N.W.2d 54. Our Supreme Court vacated our opinion and remanded for us "to determine whether PT Works may properly be incorporated solely under the [BCA] and not the Professional Service Corporation Act [(PSCA), MCL 450.221 et seq.,], and, once that determination is made, to reconsider (if necessary) whether physical therapy provided by PT Works was `lawfully rendered' under MCL 500.3157." 477 Mich. 1062, 728 N.W.2d 458. On remand, we hold that PT Works was improperly incorporated under the BCA and that, nevertheless, physical therapy treatment provided by PT Works was lawfully rendered for purposes of recovering motor vehicle insurance benefits under MCL 500.3157. Accordingly, we once again affirm the trial court's ruling.
This Court reviews de novo a trial court's decision on a motion for summary disposition. Kreiner v. Fischer, 471 *678 Mich. 109, 129, 683 N.W.2d 611 (2004). Issues of statutory construction are likewise reviewed de novo on appeal. Feyz v. Mercy Mem. Hosp., 475 Mich. 663, 672, 719 N.W.2d 1 (2006). Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. Shinholster v. Annapolis Hosp., 471 Mich. 540, 548-549, 685 N.W.2d 275 (2004). The words contained in a statute provide us with the most reliable evidence of the Legislature's intent. Id. at 549, 685 N.W.2d 275. In ascertaining legislative intent, this Court gives effect to every word, phrase, and clause in the statute. Id. We must consider both the plain meaning of the critical words or phrases and their placement and purpose in the statutory scheme. Id.
PT Works was incorporated under the BCA, and not under the PSCA. The incorporators and shareholders of PT Works are three individuals who are not licensed physical therapists. There is no dispute, however, that the physical therapy treatment received by Miller through PT Works was performed by licensed physical therapists.
Section 251(1) of the BCA provides:
A corporation may be formed under this act for any lawful purpose, except to engage in a business for which a corporation may be formed under any other statute of this state unless that statute permits formation under this act. [MCL 450.1251(1).]
In light of this language, our question is whether PT Works was formed to engage in a business for which a corporation may be formed under the PSCA, and, if so, whether the PSCA nonetheless permitted formation under the BCA. We conclude that PT Works was improperly incorporated under the BCA.
Pursuant to the PSCA, "[o]ne or more licensed persons may organize under this act to become a shareholder or shareholders of a professional corporation for pecuniary profit." MCL 450.224(1). The PSCA defines "professional corporation" as "a corporation that is organized under this act for the sole and specific purpose of rendering 1 or more professional services and has as its shareholders only licensed persons, the personal representatives or estates of individuals, or other persons as provided in section 10." MCL 450.222(b). MCL 450.222(c) provides:
"Professional service" means a type of personal service to the public that requires as a condition precedent to the rendering of the service the obtaining of a license or other legal authorization. Professional service includes, but is not limited to, services rendered by certified or other public accountants, chiropractors, dentists, optometrists, veterinarians, osteopaths, physicians and surgeons, doctors of medicine, doctors of dentistry, podiatrists, chiropodists, architects, professional engineers, land surveyors, and attorneys at law.
The plain language of the statute indicates that the list of professional services identified is not exclusive. And there can be no dispute that physical therapy services for injured or sick individuals is a type of personal service offered to the public. Moreover, engaging in the practice of physical therapy requires a license under Michigan law. MCL 333.17820. Accordingly, physical therapy constitutes a professional service for purposes of the PSCA, and thus the business of providing physical therapy services also constitutes "a business for which a corporation may be formed under any other statute of this state." MCL 450.1251(1). Additionally, the PSCA does not expressly permit formation *679 under the BCA. MCL 450.1251(1).[1] Moreover, the BCA provides that professional service corporations formed under the PSCA "shall not be incorporated under this act." MCL 450.1123(1). Therefore, PT Works was improperly incorporated under the BCA. We also note that, given that PT Works' incorporators and shareholders are not licensed physical therapists, those particular individuals could not incorporate PT Works nor could they be shareholders under the PSCA. MCL 450.222(b); MCL 450.224(1) and (2).[2]
Having determined that PT Works was improperly incorporated, we nonetheless find that the physical therapy treatment provided to Miller by licensed physical therapists employed by PT Works was lawfully rendered for purposes of MCL 500.3157. MCL 500.3157 provides:
A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance. [Emphasis added.]
We adopt our prior analysis in this case, which we find to be sound on the basis of a clear, textual reading of MCL 500.3157. In Miller, supra at 286-288, 726 N.W.2d 54, we stated:
Under [MCL 500.3157], "only treatment lawfully rendered, including being in compliance with licensing requirements, is subject to payment as a no-fault benefit." Hofmann v. Auto Club Ins. Ass'n, 211 Mich.App. 55, 64, 535 N.W.2d 529 (1995); see also Cherry v. State Farm Mut. Automobile Ins. Co., 195 Mich.App. 316, 320, 489 N.W.2d 788 (1992). "If the treatment was not lawfully rendered, it is not a no-fault benefit and payment for it is not reimbursable." Id.

* * *
MCL 500.3157, by its plain and unambiguous language, requires that the treatment itself be lawfully rendered. Reference to the terms "rendering" and "treatment" clearly places the focus on the act of actually engaging in the performance of services, here conducting physical therapy sessions, rather than on some underlying corporate formation issues that have nothing to do with the *680 rendering of treatment. A clinic or institution is lawfully rendering treatment when licensed employees are caring for and providing services and treatment to patients despite the possible existence of corporate defects irrelevant to treatment.

Cherry is easily distinguishable from the case at bar because, in that case, acupuncture services were directly provided to the injured party by a nurse who was not licensed to perform acupuncture. This Court found that only a licensed physician could administer acupuncture under the law. Cherry, supra at 320, 489 N.W.2d 788. Therefore, acupuncture treatment was not lawfully rendered, in that a licensed physician did not perform the services. The licensing of an individual, such as a doctor, dentist, chiropractor, or physical therapist, who personally provides services to a client or patient, has a direct correlation to the rendering of treatment. The connection between the rendering of treatment and the manner in which PT Works was incorporated and the nature of the incorporation is too attenuated to make the physical therapy provided to Miller an unlawfully rendered service. PT Works' shareholders did not render physical therapy services to Miller; therefore, their licensing status is not pertinent. As this Court has recognized, we may affirm a trial court's decision albeit for different reasons than those cited by the lower court. Gleason v. Dep't of Transportation, 256 Mich. App. 1, 3, 662 N.W.2d 822 (2003). We find no error in granting summary disposition in favor of PT Works.
We additionally note that MCL 500.3157 does not contain language providing that hospitals, clinics, and other institutions "lawfully organized, established, or incorporated" may recover for their services, yet Allstate argues for just such an interpretation of the statutory language. "A necessary corollary of [the statutory construction principles cited above] is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." Roberts v. Mecosta Co. Gen. Hosp., 466 Mich. 57, 63, 642 N.W.2d 663 (2002). This maxim would be violated by construing MCL 500.3157 in the manner argued by Allstate and in a manner contrary to our holding. While the language of MCL 500.3157 speaks of a clinic or institution lawfully rendering treatment, treatment is invariably and necessarily performed or rendered by employees and personnel; the treatment itself has nothing to do with corporate formation issues.[3] Moreover, the inclusion of "physician, hospital, clinic or other person or institution" in the statutory language is chiefly for purposes of identifying those entities and persons that "may charge a reasonable amount for the products, services and accommodations rendered." MCL 500.3157.[4] While Allstate argues that the Legislature included entities (hospitals, clinics, and institutions) in the statute *681 because the entities need to be lawfully rendering treatment independent from any consideration of whether individual employees or agents who actually treat patients are doing so, we read the inclusion of the entities in the statutory language as merely indicating that those entities can be paid by insurers for services provided at their institutions. Of course, each of these entities must be lawfully rendering treatment, but, again, the treatment is rendered through their personnel. Furthermore, the Legislature's focus on the lawfulness of rendering treatment as opposed to the lawfulness of an entity's corporate structure indicates the Legislature's desire not to burden individuals seeking medical treatment, ostensibly covered by insurance, from having to engage in an extensive and in-depth review and analysis regarding an entity's formation and related incorporation issues.[5] The goal of the no-fault act was to provide accident victims with adequate, assured, and prompt reparation for their losses. Nelson v. Transamerica Ins. Services, 441 Mich. 508, 514, 495 N.W.2d 370 (1992). This goal would be defeated by interpreting MCL 500.3157 as advocated by Allstate.
Affirmed.
NOTES
[1] We do note that the provisions contained in the BCA are generally applicable to a corporation organized under the PSCA "except to the extent that a provision of [the PSCA] is in conflict with the provisions of [the BCA]." MCL 450.233.
[2] It could be argued that, because the incorporators and shareholders of PT Works are not licensed physical therapists, PT Works could not be incorporated under the PSCA; therefore, § 251(1) of the BCA would permit PT Works to be incorporated under the BCA. Section 251(1), however, does not look to the background of the persons seeking to incorporate and whether they meet statutory criteria, but rather simply asks whether the corporation wishes to "engage in a business for which a corporation may be formed under [the PSCA]." Hence, the focus is on the nature of the business. A physical therapy business may be formed and incorporated under the PSCA, thereby eliminating the potential of incorporation under the BCA by virtue of MCL 450.1251(1), despite the possibility that the particular incorporators and shareholders might also not be able to proceed under the PSCA because they are unlicensed. Considering the status of the incorporators and shareholders in the case at bar and the nature of the business, PT Works could not be incorporated under the BCA, nor could it incorporate under the PSCA.
[3] "Treatment" is defined as "the application of medicines, surgery, therapy, etc., in treating a disease or disorder." Random House Webster's College Dictionary (2001). Employees of PT Works were applying physical therapy in treating Miller, and they did so lawfully, given their status as licensed physical therapists. We recognize that hospitals, clinics, and institutions may need various state and federal licenses or permits to operate, but this becomes an issue for purposes of MCL 500.3157 only if a licensing failure relates to the actual treatment of a patient. Corporation defects do not relate to the treatment of patients.
[4] We note that Allstate did not contest the reasonableness and necessity of the treatment provided to Miller by PT Works.
[5] The BCA and the PSCA contain numerous requirements regarding various matters such as incorporation, capital structure, corporate finances and powers, shareholders, directors and officers, annual reports, and amending articles of incorporation. See, e.g., MCL 450.1202 (required contents of articles of incorporation). Any statutory violation, such as a technical incorporation error, could support a conclusion that a corporate clinic or institution was unlawfully rendering treatment under the expansive and all-encompassing interpretation of MCL 500.3157 proposed by Allstate. This was clearly not the intent of the Legislature.