NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0139n.06

No. 09-1551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 04, 2010**
LEONARD GREEN, Clerk

ANOTHER STEP FORWARD and THE
HEALING PLACE OF DETROIT,
INCORPORATED,

    *Plaintiffs-Appellants*,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    *Defendant-Appellee*.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN


**O P I N I O N**

BEFORE:    SUHRHEINRICH, COLE, and GILMAN, Circuit Judges.

    **COLE, Circuit Judge.**  Plaintiffs-Appellants Another Step Forward and the Healing Place

of Detroit, Inc. (collectively, "the Providers") sued Defendant-Appellee State Farm Mutual

Automobile Insurance Co. ("State Farm") to collect payment for health care services they provided

to one of State Farm's insureds, Michael Morgan, who suffered a brain injury resulting from an

automobile accident.  The Providers sought reimbursement under both a breach-of-contract theory

and under Michigan's no-fault act.  *See* Mich. Comp. Laws. §§ 500.3101-500.3179.  They also

brought claims of business defamation and tortious interference with a contractual relationship.  The

district court granted State Farm summary judgment on all claims, holding that the Providers'

statutory cause of action under the no-fault act was barred by collateral estoppel and that their claims

of breach of contract, business defamation, and tortious interference with a contractual relationship failed as a matter of law. The Providers appeal the grant of summary judgment.

We review de novo a district court's grant of summary judgment. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, this Court construes factual evidence in the light most favorable to the non-moving party and makes all reasonable inferences in that party's favor. *Barrett*, 556 F.3d at 511; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue in considering a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "The availability of summary judgment in diversity actions is governed by the federal standard, . . . rather than by state law." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165-66 (6th Cir. 1993)). In diversity cases, we review de novo a district court's determination of state law. *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 624 (6th Cir. 2008).

The district court analyzed the Providers' breach of contract, business defamation, and tortious interference claims on the merits and found that State Farm was entitled to summary judgment on all three. The Providers appealed the grant of summary judgment on these claims, but have failed to present any substantive argument in support of their claim that the district court's

ruling was in error. After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court was correct in its determination that State Farm was entitled to summary judgment on these claims. Because the district court's opinion correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision, a full written analysis of these claims by this Court would serve no useful purpose. Accordingly, we affirm the grant of summary judgment on these claims for the reasons stated in the district court's opinion and order.

We also affirm the district court's grant of summary judgment on the Providers' statutory claim under Michigan's no-fault act on the merits without reaching the issue of collateral estoppel. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002) ("[W]e may affirm [a grant of summary judgment] on any grounds supported by the record even if different from the reasons of the district court."). The Providers failed to meet their burden to show that there was a genuine issue of material fact as to whether the services they provided to Morgan were lawfully rendered and compensable under the no-fault act. Therefore, State Farm was entitled to summary judgment on this claim.

In *Nasser v. Auto Club Insurance Association*, 457 N.W.2d 637 (Mich. 1990), the Michigan Supreme Court held that a claimant pursuing no-fault benefits has the burden of proving that the expenses incurred were both reasonable and necessary under Mich. Comp. Laws § 500.3107. *Nasser*, 457 N.W.2d at 645. "Where a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to

that expense." *Id.* In *Cherry v. State Farm Mutual Automobile Insurance Co.*, 489 N.W.2d 788 (Mich. Ct. App. 1992), the Michigan Court of Appeals held that the requirements of Mich. Comp. Laws § 500.3107 must be read in conjunction with Mich. Comp. Laws § 500.3157, which requires that treatment be "lawfully render[ed]." *Cherry*, 489 N.W.2d at 790. Further, the *Cherry* court held that "only treatment lawfully rendered, *including being in compliance with licensing requirements*, is subject to payment as a no-fault benefit." *Id.* (emphasis added).

The Providers failed to demonstrate that there is a genuine issue of material fact as to whether Morgan's treatment was lawfully rendered. Once State Farm submitted its motion for summary judgment, the Providers were required to "set forth specific facts showing that there [was] a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). The Providers failed to meet this burden because they did not produce adequate evidence detailing their treatment of Morgan. Although the Providers produced several affidavits opining that the Providers were not required to have adult foster-care or psychiatric-facility licenses, these affidavits did not include details about Morgan's treatment. Most of the affiants did not indicate any familiarity with Morgan's treatment. Indeed, some of the affidavits deal with other lawsuits concerning different patients. Without the details of Morgan's treatment, the affiants' conclusory opinions on whether licensure was required for Morgan's treatment are of little relevance. The Providers did produce two affidavits from individuals involved in Morgan's treatment, but these affidavits similarly failed to provide any detail about the services Morgan received.

Further, the most salient evidence produced by the Providers contradicts their entire argument. The evidence about Morgan's medical condition indicates that he required attendant care

twenty-four hours per day to help him carry out the basic activities of daily life. This type of treatment falls squarely into the statutory definition of foster care. Mich. Comp. Laws § 400.704(6). The Providers were not licensed as an adult foster-care facility. Revealingly, the most relevant affidavit produced by the Providers repeatedly stated that facilities treating brain-injured adults requiring twenty-four-hour care were required to have an adult foster-care license.

In arguing that collateral estoppel does not apply, the Providers rely on *Allstate Insurance Co. v. Frankel*, 259 F.R.D. 274 (E.D. Mich. 2009), and its statement that "[c]ases such as these are entirely fact specific." *Id.* at 280. Indeed, it was the Providers' burden to present specific evidence about their treatment of Morgan, both to show that "each particular expense [was] both reasonable and necessary," *Nasser*, 457 N.W.2d at 645, and to demonstrate that each element of his treatment either fell within the scope of the licensure they did have or did not require a specific license. Without presenting evidence of Morgan's treatment, it was impossible for the Providers to show that the treatment was lawfully rendered. When a defendant has moved for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The Providers failed to present evidence that showed that the services they provided to Morgan were reasonable, necessary, and lawfully rendered under Mich. Comp. Laws §§ 500.3107 and 500.3157. Therefore, State Farm was entitled to summary judgment.

Based on the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment to State Farm on all claims.