*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAPLE MANOR REHAB CENTER OF NOVI,
INC., and MAPLE MANOR NEURO CENTER,
INC.,

        Plaintiffs-Appellants,

and

JOSE S. EVANGELISTA III, M.D., PC, LIVONIA
DIAGNOSTIC CENTER, PC, A. PETER
EVANGELISTA, M.D., PC, ADVANCED WOUND
CARE AND HYPERBARIC MEDICINE OF
MICHIGAN, INC., and SAVE MORE PHARMACY,
INC.,

        Plaintiffs,

v

ALLSTATE INSURANCE COMPANY, and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
March 16, 2023

No. 358272
Oakland Circuit Court
LC No. 2019-171256-NF

Before: MURRAY, P.J., and RIORDAN and YATES, JJ.

PER CURIAM.

In this provider collection action under the no-fault act, MCL 500.3101 *et seq.*, seeking payment of services rendered to nonparty patient Drew Newell, plaintiffs Maple Manor Rehab Center of Novi, Inc. (Rehab Center), and Maple Manor Neuro Center, Inc. (Neuro Center) (collectively referred to as Maple Manor), appeal as of right the final order of dismissal. On appeal, Rehab Center and Neuro Center contend that the trial court erred when it granted defendants Allstate Insurance Company and Allstate Property and Casualty Insurance Company's motion for partial summary disposition under MCR 2.116(C)(10), which dismissed their claims against

-1-

Allstate with prejudice. Because the trial court erred when it concluded that there was no genuine issue of material fact regarding Neuro Center being the unlicensed provider of services to Newell, we reverse the trial court's order and remand for further proceedings.

Though the case as litigated in the trial court contains many exhibits and other pieces of evidence, in a nutshell, this matter involves Allstate's assertion that Neuro Center provided Newell with medical services, and because Neuro Center is indisputably an unlicensed entity, it cannot legally bill for the services provided to Newell. See generally *Healing Place at North Oakland Med Ctr v Allstate Ins Co*, 277 Mich App 51, 57; 744 NW2d 174 (2007). The trial court held that there was no genuine issue of material fact that Neuro Center provided medical services to Newell, and because it was undisputed that Neuro Center was unlicensed, it entered summary disposition in favor of Allstate. After denying reconsideration and resolving a few other matters, the trial court entered a final order dismissing the case.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Allstate sought summary disposition under MCR 2.116(C)(10), which tests the factual support for a claim based on the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties. *Coblentz v Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). The evidence is viewed in the light most favorable to the nonmoving party. *Id*. at 567-568. However, this Court's review is limited to the evidence presented to the court when the motion was decided. *Barnard*, 285 Mich App at 380-381. Summary disposition is appropriate when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). Summary disposition under MCR 2.116(I)(2) may be granted if "it appears to the court that the opposing party, rather than the moving party, is entitled to judgment."

In granting summary disposition to Allstate, the trial court reasoned that "the invoices presented by defendant" established "that all relevant services in this matter were performed by [Neuro Center]" and there was no dispute that Rehab Center was licensed, but Neuro Center was not. On appeal, plaintiffs argue that the trial court erred by granting summary disposition in favor of Allstate because it erroneously concluded that Neuro Center rendered all of the care to Newell.[1]

PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). "[A] physician, hospital, clinic, or other person that lawfully renders treatment to an injured person for an accidental bodily injury covered by personal protection . . . may charge a reasonable amount for the treatment . . . ." MCL

---

[1] In future matters, plaintiffs should ensure that their briefs comply with MCR 7.212(C)(6), which requires that the statement of facts "be fairly stated without argument or bias." Plaintiffs' brief does not adhere to these requirements, as the fact section repeatedly argues that the trial court "committed reversible error" and "erroneously weighed, assessed and selected among" the evidence. It also argues, without support to any admissible or relevant evidence, that Allstate was acting in bad faith in this case and in many others. The former arguments are more properly laid out in the argument section, while the latter one is best left on the editor's desk.

500.3157(1). Treatment "lawfully render[ed]" means treatment rendered in compliance with licensing requirements. See *Cherry v State Farm Mut Auto Ins Co*, 195 Mich App 316, 320; 489 NW2d 788 (1992).

Plaintiffs' complaint referred to Rehab Center and Neuro Center collectively as "Maple Manor," and alleged that "Plaintiff Maple Manor provided reasonably necessary products, services, accommodations services, recovery services, rehabilitation" and that Allstate was obligated to pay Plaintiff Maple Manor for the reasonably necessary services it provided to Newell. Outside of citing the pleadings, both parties submitted a plethora of medical bills, affidavits, deposition testimony from another case[2] brought by plaintiffs involving the same issue, and scores of other documents, all in an effort to determine whether Neuro Center provided Newell medical services, either in whole, in part, or not at all.

After reviewing the submitted evidence,[3] we conclude that there is a genuine issue of material fact whether Neuro Center provided any medical services to Newell. The evidence put forth not only related to Newell's care but also came from another case, *Maple Manor Rehab Center of Novi Inc v Farm Bureau Ins Co*, Oakland Circuit Court (Docket No. 2017-162575), which arose from the same county. In the *Farm Bureau* matter, the parties litigated this precise issue (though with somewhat different evidence) and ultimately the trial court ruled there was a genuine issue of material fact on whether Neuro Center provided that patient's medical care.

With respect to the evidence in this case, and in response to Allstate's contention that Neuro Center was the provider of Newell's care and treatment, plaintiffs provided an affidavit from Dr. Jose Evangelista, administrator and medical director of Maple Manor, that supported the position that Neuro Center was merely the billing agent for Rehab Center. Maple Manor also provided an affidavit from Sheryl Villarosa-Missaoui, the HR director for Rehab Center, where she averred that Rehab Center employed approximately 230 employees that provide the direct care and treatment of its patients, that Neuro Center had no employees or payroll to process, and that Neuro Center "cannot and does not provide any direct care or direct treatment to patients." Plaintiffs also submitted a copy of the admission agreement, signed by Newell and Rehab Center, regarding the cost of services, as well as a health insurance claim form indicating that Neuro Center was both the billing agent and the service provider. Villarosa-Missaoui's affidavit not only directly addressed Allstate's assertion that Neuro Center had provided care and treatment to Newell, but also addressed any confusion created by Dr. Stella Evangelista's deposition testimony in the *Farm Bureau* matter, where she had arguably testified that Neuro Center had provided medical services.

For its part, Allstate argued that internal billing reports, invoices, Dr. Stella Evangelista's *Farm Bureau* testimony, and other evidence properly submitted with its motion conclusively

---

[2] *Maple Manor Rehab Center of Novi Inc v Farm Bureau Ins Co*, Oakland Circuit Court (Docket No. 2017-162575).

[3] We do not consider the affidavit of Larry Horvath, as the parties dispute its admissibility, and it is unnecessary to consider that evidence to resolve this appeal properly.

established that Neuro Center was Newell's medical provider and Rehab Center was merely the location where the services were provided.

Even if the trial court properly concluded that Allstate met its summary disposition burden by submitting evidence showing that Neuro Center was the rendering medical provider, the record reveals that Maple Manor did not "rest upon the mere allegations or denials," but by affidavits and other evidence "set forth specific facts showing that," at a minimum, "there [wa]s a genuine issue for trial." MCR 2.116(G)(4); see also *Barnard*, 285 Mich App at 377. In that regard, Maple Manor argued that the name on a medical record was not necessarily the legal provider and referred to the HR director's affidavit, which stated that the provider was Rehab Center. Additionally, the medical records and invoices submitted by Allstate were at least in part contradicted by the admission agreement, the health insurance claim form, and Villarosa-Missaoui's affidavit. With this conflicting evidence on this precise issue, we conclude that, at a minimum, there was a genuine issue of material fact regarding whether Neuro Center or Rehab Center provided the care to Newell.[4]

Reversed and remanded for further proceedings. As the prevailing parties, plaintiffs may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ Christopher P. Yates

---

[4] We recognize that in *Maple Manor Rehab Ctr of Novi v Travelers Cas & Surety Co*, unpublished per curiam opinion for the Court of Appeals, issued July 21, 2022 (Docket No. 355775), lv den ___ Mich ___; 982 NW2d 688 (2023), this Court held that Maple Manor Neuro was merely the billing entity for Maple Manor Rehab, and therefore Maple Manor Neuro could collect no-fault benefits for services rendered by Maple Manor Rehab. However, whether the material facts submitted to the trial court in that case are identical to the material facts established here, is unclear.