*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARMERS INSURANCE EXCHANGE,

Plaintiff-Appellee,

UNPUBLISHED
September 10, 2019

v

ST. PETER MEDICAL CENTER, PC, and
LABEED NOURI, M.D.,

Defendants-Appellants.

No. 342821
Macomb Circuit Court
LC No. 2016-001822-NZ

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Defendants, St. Peter Medical Center, PC (SPMC) and Labeed Nouri, M.D. (Dr. Nouri), appeal the trial court's February 23, 2018 order granting in part and denying in part defendants' motion to set aside the judgment and order to reimburse plaintiff, Farmers Insurance Exchange, for payment of physical therapy services not legally rendered by defendants. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff's insureds Stiva Alyas and Lara Shikwana were injured in separate motor vehicle accidents. Alyas and Shikwana both sought accident-related treatment from SPMC, and plaintiff paid no-fault benefits ("PIP benefits") to SPMC in relation to some of the physical therapy services that SPMC provided to Alyas and Shikwana. After plaintiff stopped making payments to SPMC, SPMC filed two separate lawsuits against plaintiff, seeking payment for its outstanding bills.[1] In the "Alyas case," SPMC filed suit in district court, but the case was voluntarily dismissed before a judgment was entered. In the "Shikwana case," SPMC filed suit against plaintiff in circuit court. In that case, the circuit court granted summary disposition in favor of plaintiff because there was no genuine issue of material fact that SPMC's physical

---

[1] To avoid unnecessary confusion, when referencing the cases filed by SPMC against plaintiff herein, the parties will be referred to solely by their status in the instant case.

therapy services were not prescribed and not performed or supervised by a licensed physical therapist.

In the case underlying this appeal, plaintiff filed a complaint against defendants, seeking reimbursement of the PIP benefits that it had paid to defendants concerning Alyas' and Shikwana's treatment, under the theories of mistake of fact and unjust enrichment.[2] Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10) because of plaintiff's alleged failure to comply with defendants' discovery requests and the trial court's scheduling order. In plaintiff's response, plaintiff argued that it was entitled to summary disposition on the basis of collateral estoppel because, in the Shikwana case, the circuit court determined that SPMC's services were not lawfully provided. Defendants argued that res judicata and collateral estoppel prevented plaintiff from pursuing the case because plaintiff's claims could have been brought in the earlier lawsuits. Plaintiff responded that res judicata did not apply and that collateral estoppel entitled it to summary disposition.

After a hearing on defendants' motion for summary disposition, the trial court granted partial summary disposition in favor of plaintiff, under MCR 2.116(I)(2). The trial court found that collateral estoppel applied in plaintiff's favor because the issue of whether SPMC's services were lawfully provided had already been decided in the Shikwana case. However, the trial court declined to award damages to plaintiff at that time because the payment logs needed to be "deciphered" to determine what amounts corresponded to the illegally provided services. Thereafter, defense counsel withdrew from the case, and the trial court ordered that defendants and their new defense counsel appear for a settlement conference. Approximately four months later, plaintiff filed a motion for entry of judgment in the amount of $51,554, submitting the billing codes and corresponding payment amounts. The trial court entered an order of judgment against SPMC for $51,779, which included the requested amount plus costs. Defendants filed a motion to set aside the judgment, arguing that they were not served with plaintiff's motion for entry of judgment, the notice of hearing, or the entry of judgment. Plaintiff responded that the trial court should not set aside the judgment because defendants were served with the relevant documents and the judgment was factually and legally supported. The trial court denied defendants' motion to set aside the judgment, and this appeal followed.

## II. DISCUSSION

Defendants first argue that the trial court erred in applying the doctrine of collateral estoppel because the issues in the cases were not identical and because the issue of whether plaintiff was entitled to reimbursement of previous payments was not essential to the judgment in the Shikwana case. We agree.

This Court reviews the applicability of a preclusion doctrine, such as collateral estoppel, de novo. *Minicuci v Scientific Data Mgt, Inc*, 243 Mich App 28, 34; 620 NW2d 657 (2000).

---

[2] Plaintiff also advanced claims of merger, joint enterprise, and alter ego against Dr. Nouri. However, those claims were dismissed by the trial court, and plaintiff does not contest their dismissal on appeal.

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Defendants moved for summary disposition under MCR 2.116(C)(10). The trial court granted partial summary disposition in favor of plaintiff under MCR 2.116(I)(2). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "[T]he circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "A motion for summary disposition under MCR 2.116(C)(10) shall be granted if there is no genuine issue regarding any material fact and the movant is entitled to judgment as a matter of law." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "In reviewing a summary disposition motion, the Court gives the nonmoving party the benefit of all reasonable inferences." *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 657; 651 NW2d 458 (2002). "The trial court appropriately grants summary disposition to the opposing party under MCR 2.116(I)(2) when it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Id*. at 658.

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). Collateral estoppel is a flexible rule with three purposes: "To 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication[.]' " *City of Detroit v Qualls*, 434 Mich 340, 357 n 30; 454 NW2d 374 (1990), quoting *Allen v McCurry*, 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980).

At the outset, we note that defendants argue that the trial court may have erroneously based its collateral estoppel determination on the Alyas case. The trial court, however, only mentioned the Alyas case for purposes of its determination regarding defendants' res judicata argument. In the portion of the trial court's opinion devoted to collateral estoppel, the trial court did not mention either the Alyas or Shikwana case specifically. Yet, it is clear that the trial court exclusively considered the Shikwana case in determining whether collateral estoppel applied, stating: "The prior action before *this Court* involved a question of fact essential to the judgment which was actually litigated and determined by a valid and final judgment (*that the physical therapy services were not provided by a licensed individual, and therefore, not performed legally*)." (emphasis added.) Only the Shikwana case was before the trial court, just as only the Shikwana case involved a determination of the legality of the physical therapy services SPMC performed. The Alyas case was filed in district court and was voluntarily dismissed before judgment. Accordingly, defendants' argument that the trial court improperly based its collateral estoppel determination on the Alyas case is misplaced.

Turning to the trial court's reliance on the doctrine of collateral estoppel when granting summary disposition in favor of plaintiff, application of collateral estoppel requires "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotation marks, citation, and footnote omitted;

alteration in original).  Defendants do not assert that the parties lacked a full and fair opportunity to litigate the issue, or that there is not mutuality of estoppel.  Instead, defendants contend that the issues in the Shikwana case and the instant case were merely similar, and that the benefits that plaintiff already paid for SPMC's services were not essential to the circuit court's determination.  Collateral estoppel is strictly applied to cases where the issues in both cases are identical, not merely similar.  *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 340; 657 NW2d 759 (2002) (citation omitted).  "In addition, the common ultimate issues must have been both actually and necessarily litigated."  *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014).

In the Shikwana case, SPMC filed suit against plaintiff seeking reimbursement for physical therapy services it rendered to Shikwana under the no-fault act, but which plaintiff refused to pay.  Plaintiff argued that it did not have to reimburse SPMC because the physical therapy services were not prescribed and performed or supervised by a licensed physical therapist.  The trial court granted partial summary disposition in favor of plaintiff after finding that there was no genuine of material fact that SPMC's physical therapy services to Shikwana were not provided or supervised by a licensed physical therapist.  In the current case, plaintiff sought reimbursement for payments that plaintiff had made to SPMC for physical therapy services SPMC provided before plaintiff stopped paying.  For the trial court to correctly apply collateral estoppel to the issue of the legality of SPMC's services, the issues must be identical. *Keywell & Rosenfeld*, 254 Mich App at 340.  The issues in the cases were similar, insofar as both cases involved SPMC's improper submission of bills to plaintiff on the basis of SPMC's failure to ensure that the physical therapy services were legally rendered, i.e. performed or supervised by a licensed physical therapist.  However, the ultimate issue in the initial Shikwana case was whether plaintiff properly denied payments on the basis of SPMC's improper submission of bills, whereas the ultimate issue in the current case was whether plaintiff could be reimbursed for payments it had already made, on the basis of SPMC's improper submission of bills for services not legally rendered.  Because the issues in the cases were merely similar, not identical, the trial court erred when it determined that collateral estoppel applied to the instant case. *Id*.

Defendants also argue that the issue of whether plaintiff could be reimbursed for payments it had already made to SPMC was not essential to the circuit court's determination in the Shikwana case.  As noted above, the Shikwana case involved plaintiff's denial of payments on the basis of SPMC's submission of bills for physical therapy services that were not provided or supervised by a licensed physical therapist.  The circuit court's opinion contains a footnote that states: "[Plaintiff] further requests that summary disposition be awarded in its favor as to its counter-complaint seeking reimbursement for previous payments made to [defendants] for physical therapy treatments provided to Shikwana.  However, the Court file contains no record of a counter-complaint being filed."  The circuit court's footnote, together with the order granting partial summary disposition in favor of plaintiff relating to defendants' outstanding billings, evidences that the reimbursement issue was not essential to the circuit court's grant of summary disposition.  See *Bd of Co Road Comm'rs for Eaton Co v Schultz*, 205 Mich App 371, 377; 521 NW2d 847 (1994) ("To be necessarily determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot

support collateral estoppel."). Accordingly, the trial court erroneously applied the doctrine of collateral estoppel.[3]

Plaintiff argues, as an alternative ground for affirmance, that even without application of collateral estoppel, the trial court correctly granted summary disposition because there was evidence that SPMC's physical therapy services were not prescribed and provided or supervised by a licensed physical therapist. "An appellee may argue alternative grounds for affirmance without filing a cross-appeal if the appellee does not seek a more favorable decision." *Hanton v Hantz Fin Servs, Inc*, 306 Mich App 654, 669; 858 NW2d 481 (2014). Because plaintiff does not seek a more favorable decision, plaintiff may properly argue this issue without having filed a cross-appeal.

"A no-fault insurer is liable only to pay no-fault medical benefits only for medical treatment that meets the requirements of the no-fault act . . . ." *Cherry v State Farm Mut Auto Ins Co*, 195 Mich App 316, 318; 489 NW2d 788 (1992). MCL 500.3157[4] allows for the recovery of no-fault benefits, and provides, in pertinent part:

> [A] physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered.

"If the treatment was not lawfully rendered, it is not a no-fault benefit and payment for it is not reimbursable." *Cherry*, 195 Mich App at 320. "[O]nly treatment lawfully rendered, including being in compliance with licensing requirements, is subject to payment as a no-fault benefit." *Psychosocial Servs Assoc, PC v State Farm Mut Auto Ins Co*, 279 Mich App 334, 338; 761 NW2d 716 (2008) (quotation marks and citation omitted; alteration in original).

---

[3] Although the trial court appeared to base its collateral estoppel determination exclusively on the Shikwana case, the Alyas case could not have been the basis for the application of collateral estoppel. In the Alyas case, SPMC voluntarily dismissed the case. Accordingly, there was not a valid and final judgment, nor did the parties have a full and fair opportunity to litigate the issue. See *Monat*, 469 Mich at 682-684. Therefore, the trial court could not have properly based its collateral estoppel determination on the Alyas case.

[4] MCL 500.3157 has been amended, effective June 11, 2019. See 2019 PA 21. The above quoted language is the version of MCL 500.3157 that was in effect at the time of the trial court's ruling because the trial court's opinion and order was entered on April 27, 2017. The amended version of MCL 500.3157 still largely contains the above quoted language, but subjects the language to additional subsections that limit the payment amount that a physician, hospital, clinic, or other person may recover. See MCL 500.3157(2) through (14). The amended version of MCL 500.3157 also contains a list of definitions. MCL 500.3157(15).

The practice of physical therapy requires a license under Michigan law. *Miller v Allstate*, 275 Mich App 649, 654; 739 NW2d 675 (2007), aff'd on other grounds 481 Mich 601 (2008), citing MCL 333.17820. A physical therapist may delegate "selected acts, tasks, functions, or interventions to a physical therapist assistant," but the physical therapist must generally supervise the physical therapist assistant. Mich Admin Code, R 338.7138(1) and (2). A physical therapist "shall engage in the treatment of a patient if that treatment is prescribed by a health care professional," such as an advanced practice registered nurse, dentist, medical doctor, doctor of osteopathic medicine and surgery, or doctor of podiatric medicine and surgery. MCL 333.17820(1).

For purposes of physical therapy, a prescription is "a written or electronic order for physical therapy," and must include:

(a) The name of the patient.

(b) The patient's medical diagnosis.

(c) The signature of either an individual who is licensed and authorized to prescribe physical therapy in Michigan or an individual who holds the equivalent license issued by another state, as provided in [MCL 333.17820(1)] of the code.

(d) The date that the prescription was written. [Mich Admin Code, R 338.7122(1).]

Alternatively, a physical therapist may treat a patient without a prescription under either of the following circumstances:

(a) For 21 days or 10 treatments, whichever first occurs. However, a physical therapist shall determine that the patient's condition requires physical therapy before delegating physical therapy interventions to a physical therapist assistant.

(b) The patient is seeking physical therapy services for the purpose of preventing injury or promoting fitness. [MCL 333.17820(1).]

Consequently, in order to be considered "lawfully rendered" for purposes of the no-fault act, not only must any physical therapy be done by a properly licensed physical therapist or by a licensed physical therapist assistant under the supervision of a licensed physical therapist, MCL 333.17820(1); Rule 338.7138(2), but it must be performed pursuant to a valid prescription, Rule 338.7122(1), unless the exceptions outlined in MCL 333.17820(1) apply. See *Michigan State Bldg & Constr Trades Council, AFL–CIO v Director, Dep't of Labor*, 241 Mich App 406, 411; 616 NW2d 697 (2000) (statutes and regulations are interpreted according to their plain meaning). If the physical therapy was performed by someone without the proper license or without an appropriate prescription, it cannot be lawfully rendered and, therefore, would not be compensable as a no-fault benefit. See *Cherry*, 195 Mich App at 320.

Here, Dr. Nouri testified that he did not prescribe physical therapy services for either Alyas or Shikwana. Although Dr. Nouri's recommendation for physical therapy was noted in both patients' files, such a notation does not conform with the requirements for a physical therapy prescription. See Rule 338.7122(1). Even assuming that such a notation would meet the requirements of Rule 338.7122(1), or that the physical therapy services were rendered in accordance with the exceptions outlined in MCL 333.17820(1), it would be inconsequential because defendants were unable to present evidence that the physical therapy services were provided or supervised by a licensed physical therapist as required by Rule 338.7138(1) and (2). Importantly, Shikwana's physical therapy records did not contain a signature on the physical therapist signature line. Although Alyas's physical therapy records did contain a signature followed by the notation "PT," Dr. Nouri was unable to identify whose signature it was and whether that person was a licensed physical therapist. Accordingly, because there was no genuine issue of material fact that the physical therapy services provided to Shikwana and Alyas were not properly prescribed, performed by a licensed physical therapist, or supervised by a licensed physical therapist, plaintiff was entitled to judgment as a matter of law. Although the trial court erred by applying the doctrine of collateral estoppel, the trial court reached the proper result by granting summary disposition in favor of plaintiff. A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Next, defendants assert that, even if summary disposition on the issue of liability was appropriate, the trial court erred when it entered a judgment against defendants for every payment plaintiff made for physical therapy services to SPMC. Defendants argue that there was still a question whether plaintiff was entitled to the full amount of the judgment under principles of equity. Defendants do not support their argument with any citation to any controlling legal authority, or specific authority addressing entitlement to a judgment under equitable principles. Accordingly, defendants' argument is deemed abandoned. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) ("Because plaintiff has not provided either argument or authority on this issue, we deem the issue abandoned.").

Nonetheless, we have reviewed the issue and find that defendants' argument fails. In the complaint, plaintiff asserted that it was entitled to reimbursement under the theories of mistake of fact and unjust enrichment. Thus, plaintiff was entitled to reimbursement under the theory that the initial payments were paid under a mistake of fact, unless defendants established detrimental reliance. *Adams v Auto Club Ins Ass'n*, 154 Mich App 186, 194; 397 NW2d 262 (1986). Similarly, plaintiff was entitled to reimbursement under the theory of unjust enrichment where defendants received a benefit from plaintiff and an inequity would result if defendants retained the unearned benefit. *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 195; 729 NW2d 898 (2006).

Plaintiff paid defendants for physical therapy services that SPMC provided to Alyas and Shikwana. However, as already discussed *supra*, those services were not lawfully rendered. Accordingly, plaintiff paid defendants for services under a mistake of fact that those services were lawfully rendered. See *Adams*, 154 Mich App at 194. Defendants have not established any detrimental reliance on those payments. Additionally, there would be inequity if defendants were permitted to retain those payments because the payments were not lawfully procured. See *Morris Pumps*, 273 Mich App at 195. Moreover, plaintiff submitted evidence that the amount of

-7-

the reimbursement it was seeking was limited to the amounts associated with Alyas's and Shikwana's billed physical therapy services.  Therefore, the trial court did not err when it entered judgment against defendants for the amount of unlawfully submitted billings to plaintiff.

Affirmed.


/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel